507 So.2d 661 (1987)
Dolores RUSSELL, Appellant,
v.
Eileen RUSSELL, Ronald J. Russell, et al., Appellees.
No. 4-86-0876.
District Court of Appeal of Florida, Fourth District.
April 29, 1987.
Clarification Denied June 12, 1987.
William R. Hussey, Fort Lauderdale, for appellant.
Bruno DiGuilian of DiGuilian & Dichiara, P.A., Fort Lauderdale, for appellees.

EN BANC UPON MOTION TO DISMISS
WALDEN, Judge.
Appellee, Ronald J. Russell, moves to dismiss this appeal. We grant the motion because the appeal is not an appeal from a final order as authorized by Rule 9.030, Florida Rules of Appellate Procedure, and it is not an appeal from a non-final order per Rule 9.130, Florida Rules of Appellate Procedure. The appeal is dismissed upon authority of Board of County Commissioners of Madison Co. v. Grice, 438 So.2d 392 (Fla. 1983).
We recede from Segal v. Garrigues, 320 So.2d 475 (Fla. 4th DCA 1975), because of the holding in Grice, which holding relied upon Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), which rejected Segal.
The appeal is DISMISSED.
DOWNEY, LETTS, DELL, WALDEN and GUNTHER, JJ., concur.
HERSEY, C.J., and STONE, J., concur specially with opinions.
*662 GLICKSTEIN, J., concurs in part; dissents in part with opinion.
ANSTEAD, J., dissents with opinion.
HERSEY, Chief Judge, concurring specially.
By the opinions in this case we have already used a great many words to discuss a very simple rule, one that has already been explicitly and clearly enunciated by Judge Daniel Pearson in his opinion, particularly in footnote four, in Gries: an order merely granting or denying a motion is not a final appealable order. Gries Investment Co. v. Chelton, 388 So.2d 1281, 1282 (Fla. 3d DCA 1980). There is little, indeed nothing, to be gained by further and protracted reiteration of that explication here.
I write only to add this postscript: In Gries, the third district relinquished jurisdiction to permit the appellant to obtain an appealable order. We could do so here as we did in Sloman. The majority has elected not to follow that course.
It is true that some expense and time will be expended needlessly in this case because we have elected instead to reverse and remand. But it is short-sighted to stop there. If we adopt a policy of permitting relinquishment of jurisdiction in cases such as this, there is little motivation to do it right in the first instance. The predictable result in many cases: a notice of appeal; a motion to dismiss; a response suggesting relinquishment of jurisdiction; an order relinquishing jurisdiction; a motion in the circuit court for a final order; a notice of hearing; a response; perhaps a hearing; rendition of a "final" order, and so on.
Once it has been clearly established by this opinion that, to be appealable, the order must actually dismiss the complaint or otherwise constitute a final order or judgment, neither counsel nor the courts will have any difficulty complying in the first instance. Certainty and clarity are the only avenues to true judicial economy. It is true that hard facts sometimes make bad law, but that usually occurs only where the judges are result-oriented and force a particular result. We have chosen here to follow the rule rather than to bend it. Compliance will ultimately save time and effort and therefore money, both in the trial court and here. For that and other reasons, I concur.
STONE, Judge, concurring specially.
It should now be clear that neither an order granting a motion to dismiss, nor an order granting such a motion "with prejudice," is an appealable order under either Appellate Rule 9.130 or 9.030. It has been suggested that the appropriate response to an appeal from such an order is to relinquish jurisdiction to the trial court for further proceedings. Jurisdiction, however, is conferred on this court only if the appeal is from an actual dismissal of the complaint or a judgment. See Johnson v. First City Bank of Gainesville, 491 So.2d 1217 (Fla. 1st DCA 1986). Therefore, counsel should not expect this court to relinquish jurisdiction to the trial court in such instances. Accordingly, I concur.
GLICKSTEIN, Judge, concurring in part and dissenting in part.

I
If the majority correctly interprets Grice, I am obligated to concur with that portion of the majority opinion which recedes from Segal, because of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973) (district courts lack authority to overrule supreme court precedent).
In Grice, the Florida Supreme Court, citing Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), merely stated that "[a]n order on a motion to dismiss may not be final, but an order which actually dismisses the complaint is." It is not clear whether, in that statement, "may not" is used as the equivalent of "cannot," or merely indicates arguability. Inasmuch as the order of concern in Grice was a final order, moreover, I wonder whether the supreme court had taken the occasion critically to examine the logic of the distinction  if that is what was intended  being expressed in the quoted excerpt.
*663 The Third District Court of Appeal pointed out in Gries that there is a difference between an order granting a motion to dismiss and an order dismissing a complaint, but recited no policy reason for maintaining the distinction. Having examined many of the cases providing precedent for treating orders granting a motion for dismissal as a non-appealable interlocutory order, I am still at a loss as to why it is desirable to do so; or alternatively, if non-final such an order must be, why the supreme court has not found it desirable to list this class of orders in Florida Rule of Appellate Procedure 9.130(a)(3) as a category of presently reviewable nonfinal orders. Nothing found by this writer states a policy justification for such an order's being non-appealable until a further order dismissing the complaint has been rendered. See, for example Goldfarb v. Bronston, 154 Fla. 180, 184, 17 So.2d 300, 301 (1944) and Gates v. Hayner, 22 Fla. 325 (1886), cited therein. See, also, Baker v. Colley, 104 So.2d 473 (Fla. 2d DCA 1958), citing Catchings v. Florida-McCracken Concrete Pipe Co., 101 Fla. 792, 135 So. 561 (1931).
To those of us who respect precedent but do not wish to be surrogates of the status quo, it seems appropriate to question why a rule continues to exist when (a) the reason for its existence may have ceased to be supportable or even has been forgotten and (b) valid, supportable reasons exist for changing the rule. Perhaps that is why Justice Holmes observed that the life of the law is not logic but experience. It has been observed that dismissal of a premature appeal is nonproductive and wasteful. Gries Investment Company v. Chelton, 388 So.2d at 1282 n. 4.
Nevertheless, so long as an order granting a motion to dismiss is regarded as an interlocutory order, or, alternatively, so long as the supreme court fails to list such an order in the rule determining the kinds of nonfinal orders a district court may hear while the case is still pending in the trial court, this court lacks jurisdiction to review such an order until final judgment has been rendered.

II
The writer for the court in this case was a member of the per curiam panel in Raphael v. Carner, 194 So.2d 298 (Fla. 4th DCA 1967), which involved a situation identical to the present. In the case, considered twenty years ago here, the parties had obtained an order which granted a motion to dismiss with prejudice. At some expense, no doubt, to the parties and the taxpayers this court did not give the parties in Raphael the opportunity to obtain from the trial court an order which recited that the complaint was dismissed rather than the motion was granted. Rather, it dismissed the appeal without prejudice to refile another appeal when there was a final order. Twenty years later we are doing it again here. Equally important, in 1967, the court gave no reason for not giving the parties such opportunity nor does the majority opinion here provide a reason.
There are compelling reasons, however, to give the parties, by order, the opportunity to obtain an appealable order. First, we have been entering such orders for years in other cases, whether it perhaps be an order similar to the one here or most certainly an order which merely grants a motion for summary judgment rather than having the magic words of finality. Now we are going to stop, without, in my view, a legitimate reason for doing so. Second, the reason we have been entering orders which allowed parties to obtain a proper, appealable order is judicial economy. The rules were adopted to accommodate our citizens' needs when they get involved in the system  not vice versa. When we relinquish jurisdiction and the parties obtain the necessary order, substantial money and time are conserved by the parties and by the taxpayers. By dismissing this appeal, the parties must  on obtaining the correct order  refile the appeal and pay a filing fee. Consider the involvement of judges and clerks in such process, which I deem wasteful. Consider further, the effect of noneconomy in the judicial system upon the availability of funds for other public needs  such as human services.
*664 I disagree with the First District Court of Appeal's syllogistic reasoning in Johnson v. First Bank of Gainesville, 491 So.2d 1217 (Fla. 1st DCA 1986), to wit:
1. We have no jurisdiction over non-appealable orders.
2. This is a non-appealable order.
3. We cannot relinquish jurisdiction which we do not have.
American Heritage Dictionary of the English language (1979) could have provided that court a number of synonyms for "relinquish" upon which to fashion  logically  a legitimate basis for relinquishing jurisdiction. The panel in that case was not without empathy for the pro se appellant's plight, however, although because of that appeal's being pro se, it is no surprise that appellant did not act on our companion court's invitation to pursue the matter in the supreme court in order to have the following certified questions answered:
1. Are the appellate courts of this state bound by what appears to be dictum in Williams v. State, 324 So.2d 74, 79-80 (Fla. 1975), to the effect that a notice of appeal filed prematurely may not be dismissed, but shall exist in a state of limbo until the judgment is rendered, at which time it shall mature and vest jurisdiction in the appellate court?
2. If so, does this rule apply to situations not explicitly discussed in Williams, specifically the situation in which the trial court has granted a motion to dismiss, but not effectively dismissed the case? Sloman v. Florida Power and Light, 382 So.2d 834 (Fla. 4th DCA 1980).
3. If an appellate court determines that it does not have jurisdiction to entertain an appeal of a non-appealable order, and the court is not precluded by Williams from dismissing the appeal, is it appropriate for the appellate court to "relinquish jurisdiction" to the trial court for entry of a final, appealable order? Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3rd DCA 1980); Barnes v. Ross, 386 So.2d 812 (Fla. 3rd DCA 1980).
4. If an appellate court determines that it does not have jurisdiction to entertain an appeal of a non-appealable order, and the court is precluded by Williams from dismissing the appeal, is it appropriate for the appellate court to "relinquish jurisdiction" to the trial court for entry of a final, appealable order?
5. If Williams precludes dismissal of an appeal and the appellate court may not relinquish jurisdiction, may it inform the parties that the order is deficient and that the notice of appeal will remain "in limbo" until a proper final order is entered?
The least this court could do here is to certify the same questions.
ANSTEAD, Judge, dissenting.
I would adhere to Segal v. Garrigues since I believe its holding makes good sense, i.e., if a case is dismissed with prejudice it may not be amended or refiled and is therefore a final resolution of the case.
If we recede from Segal we must still decide whether to allow the appellant an opportunity to "perfect" this appeal by securing a final judgment in the proper form. By written precedent we have already taken a stand that such an opportunity should be afforded before dismissing the appeal:
Our authority for thus proceeding is Williams v. State, 324 So.2d 74 (Fla. 1975), in which the Supreme Court of Florida stated:
... we also hold that a notice of appeal which is prematurely filed shall not be subject to dismissal. Rather, such a notice of appeal shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered. 324 So.2d at 79.
The wisdom of that rule is obvious. Dismissal of this appeal, particularly at this juncture when the case is perfected and ready for oral argument, would seem to be a nonproductive waste of counsels' time and the parties' money. Upon dismissal appellant would simply proceed to have the circuit court enter a final judgment, and then appellant would perfect a new appeal. Instead, we chose to make *665 use of the rule laid down in Williams, supra, and hold that the notice of appeal prematurely filed in this cause remained in limbo until the final judgment was rendered, whereupon the notice of appeal matured and jurisdiction vested in this court.
Sloman v. Florida Power and Light Co., 382 So.2d 834, 835 (Fla. 4th DCA 1980). This action is especially appropriate since Segal was the prevailing view as to the required form of a final order at the time the instant appeal was initiated.