527 So.2d 206 (1987)
Jack AUSTIN and Anthea Austin, Appellants,
v.
B.J. APPAREL CORP., Appellee.
B.J. APPAREL CORP., Appellant,
v.
Susan STONE, Appellee.
No. 87-1933.
District Court of Appeal of Florida, Third District.
October 27, 1987.
Joseph S. Paglino, Miami, for appellants Austin.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Alan T. Dimond and Steven M. Goldsmith, Miami, for appellee/appellant B.J. Apparel Corp.
Charles L. Neustein, Miami Beach, for appellee Stone.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS CROSS-APPEAL
DANIEL S. PEARSON, Judge.
In the court below, B.J. Apparel Corp. moved for relief from judgments entered in favor of Anthea Austin, Jack Austin, and Susan Stone. In an order rendered July 27, 1987, the court granted relief from judgment as to the Austins; in an order rendered July 28, 1987, the court denied relief from judgment as to Stone. After the Austins appealed and within thirty days of the Stone order, B.J. Apparel filed in the circuit court a "Notice of Cross-Appeal of Non-Final Order," the body of which recited:
"NOTICE IS GIVEN that B.J. APPAREL CORP., Plaintiff/Appellant in Consolidated Case Nos. 79-16275 (CA 12) and 81-9150 (CA 12), appeals to the Third District Court of Appeal of Florida, the Order of this Court rendered July 28, 1987. The nature of the order is a non-final order denying the Motion for Relief from Judgment of B.J. APPAREL CORP., which was filed pursuant to Florida Rule of Civil Procedure 1.540, in favor of SUSAN STONE."
Stone has moved to dismiss B.J. Apparel's appeal.
Stone correctly points out that "[t]he rule allowing for a cross appeal contemplates an appeal from the same [order] from which the original appeal is taken," Webb General Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058, 1059 (Fla. 3d DCA 1981), and that, therefore, B.J. Apparel cannot cross-appeal the order of July 28, since the Austins' appeal is from the separate order of July 27. However, because Stone has been plainly advised of the order being appealed and has suffered no prejudice or inconvenience, the notice's defective label cannot serve as a basis for dismissal. See Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla. 1977) (dismissal improper where appellee is not prejudiced by deficiencies or ambiguities in notice of appeal); Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78, 80 (Fla. 1972) ("[A] notice *207 of appeal is sufficient if it gives the Appellate Court and the adverse party information adequate to identify in the record the judgment intended to be appealed. But primarily, the party moving to dismiss the appeal must show some prejudice or inconvenience caused by the deficiency in the notice of appeal."); Seaboard Air Line Railroad Co. v. Holt, 80 So.2d 354 (Fla. 1955) (obvious inadvertence which prejudices no one should not defeat right of appeal and the determination of a case on its merits); Puga v. Suave Shoe Corp., 417 So.2d 678, 679 (Fla. 3d DCA 1981) ("[N]on-jurisdictional and non-prejudicial defects in the notice or other steps in the appellate process are not grounds for dismissal.") (footnote omitted). Moreover, unlike in Webb, the notice here was timely filed in the circuit court.[1] That it was not accompanied by the appropriate filing fee does not affect the jurisdiction of this court and is a matter that can be now remedied. Williams v. State, 324 So.2d 74 (Fla. 1975); Weintraub v. Alter, 482 So.2d 454 (Fla. 3d DCA 1986).
Accordingly, the motion to dismiss is denied.[2]
NOTES
[1] It is this serendipitous filing in the circuit court, not required by the cross-appeal rule, Fla.R.App.P. 9.110(g), that gives this court jurisdiction over B.J. Apparel's appeal.
[2] B.J. Apparel's appeal should be given a separate case number and thereafter consolidated with Austin's appeal.