POLEN, Judge.
We do not have jurisdiction in this appeal, nor is the record presented sufficient to overturn the trial court’s decision.
The order being reviewed provides that the plaintiff’s motion for contempt is granted but that a hearing on sanctions shall be set for a later date. There is no order imposing sanctions in the record. The appellant has not even been ordered to answer the interrogatories in question. The order sought to be reviewed is not reviewable as a final order because it is not final in form and also because the judicial labor has not ended on the contempt issue. See Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987). Nor is the order reviewable as a non-final appeal or by certiorari since the order is of no effect without the imposition of sanctions. The order, of course, contains no purge provisions because it imposes no sanctions to be avoided.
In addition, we have no record of the hearing on the motion for contempt so we have no way of knowing the status of the criminal proceedings or the basis upon which the trial court acted. We also have no record of any motion for protective order or proceedings thereon. Of course, any request for review of the denial of a protective order would have had to have been initiated within 30 days of the entry of that order.
Appeal dismissed for lack of jurisdiction.
ANSTEAD and GUNTHER, JJ„ concur.