## R.E. MEDICAL GROUP, INC. v FRITH
### Case No. 89-32159 (19)
Seventeenth Judicial Circuit, Broward County

May 22, 1990

### APPEARANCES OF COUNSEL

**Herbert B. Dell, Esquire,** for appellant.

**William R. Amlong, Esquire,** for appellee.

### OPINION OF THE COURT

STEPHEN R. BOOHER, Circuit Judge

*ORDER GRANTING APPELLEE'S MOTION TO DISMISS
APPEAL FOR LACK OF JURISDICTION AND TO AWARD
ATTORNEY'S FEES*

THIS CAUSE is before the court on the motion of Appellee,

HOLLY R. FRITH, who moves this court to dismiss the appeal filed November 20, 1989, by appellant, R.E. MEDICAL GROUP, INC. on the grounds that the order sought to be appealed is a non-final order and that this court, therefore, has no jurisdiction to entertain the appeal. The orders appealed from granted with prejudice a motion to dismiss a civil-theft claims, but allowed appellant to amend (which it did) to state other causes of actions growing out of the same transaction.

The court agrees with appellee on both points she raises.

*First,* the August 25, 1989, order sought to be appealed was a non-final order and, thus, had to be appealed within 30 days of its rendition. That time was not tolled by the motion for reconsideration. *Cf., Board of County Commissioners of Madison County v Grice,* 438 So.2d 392, 394 (Fla. 1983) ("An order on a motion to dismiss may not be final, but an order which actually dismissed the complaint is.")

*Second,* neither the August 25 order, nor the October 25 order on the motion for reconsideration, dismisses the civil theft count with prejudice. Rather, it grants with prejudice the motion to dismiss. That distinction makes each of the orders non-final and non-appealable. *Russell v Russell,* 507 So.2d 661 (Fla. 4th DCA 1987) (en banc); *Atria v Anton,* 379 So.2d 462 (Fla. 4th DCA 1980); *Gries Investment Co. v Chelton,* 388 So.2d 1281 (Fla. 3d DCA 1980).

Even if the civil theft count had been dismissed with prejudice, the appellant's amendment of the complaint, stating other causes of action arising out of the same transaction, destroyed any jurisdiction. *S.L.T. Warehouse Co. v Webb,* 304 So.2d 97 (Fla. 1974) (to be appealable as final, an order must dispose of all of the issues in the case); *Dade County Police Benevolent Association, Inc. v Metropolitan Dade County,* 452 So.2d 6 (Fla. 3d DCA 1984) (appellate court had no jurisdiction to hear appeal of dismissal of civil theft count when other counts, arising out of the same transaction, still pending).

Finally, as to the matter of attorney's fees, the court finds that the appeal was so clearly without jurisdiction as to constitute a frivolous appeal. Attorney's fees are authorized to be awarded, "in equal amounts [against] the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact . . ." § 57.105(1), Fla. Stat. (1989). As to appeals, § 59.46, Fla. Stat. (1989), provides:

In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be

**50**

construed to include the payment of attorney's fees to the prevailing party on appeal.

When § 59.46 is read in conjunction with § 57.105(1), it authorizes an award of attorney's fees on appeal in appropriate circumstances. *T.I.E. Communications, Inc. v Toyota Motors Center, Inc.,* 391 So.2d 697, 698, n.3. *See, also, Department of Revenue v Gurtler,* 381 So.2d 242 (Fla. 4th DCA 1979) ($1,000 in attorney's fee assessed under § 57.105 against appellees for taking baseless position on appeal).

That the appeal was filed for the purpose of delay in evidenced by the appellant's successful seeking a delay in those proceedings premised upon this very appeal. *see,* Defendant's Motion to Stay Further Proceedings and Order Granting Without Prejudice Defendant's Motion to Stay Proceedings, dated December 7, 1989. That it was filed without any basis[1] upon which to believe that jurisdiction existed is demonstrated by the appellant's reliance in Appellant's Response to Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction, at Paragraph 10, p. 2, on *Segal v Garrigues,* 320 So.2d 475 (Fla. 4th DCA 1975), from which the Fourth District *receded* in its *en banc* decision in *Russell.*

As the Florida Supreme Court has noted,

A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed.

*Treat v State ex rel. Mitton,* 121 Fla. 509, 163 So. 883 (1935). The Fourth District's holding in *Russell* makes explicit that there was little, if any, prospect whatsoever that the instant appeal would ever be heard.

Therefore, the court

ORDERS AND ADJUDGES that the appeal be, and the same hereby is, DISMISSED. The court further

ORDERS AND ADJUDGES that reasonable attorney's fees be

---

[1] Although Florida's Rules of Court do not provide the serious sanctions that are provided by Federal Rule of Civil Procedure 11 for the filing of a pleading that is not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," *Id.,* Florida Rule of Judicial Administration 2.060(d) does provide that an attorney's signature on a pleading or other paper "shall constitute a certificate by him . . . that to the best of his knowledge, information and belief there is good ground to support it . . ." *Id.*

awarded equally against the appellant, R.E. MEDICAL GROUP, INC. and its counsel, HERBERT B. DELL, ESQ. If there is no stipulation between the parties as to the amount of those fees, the court below shall conduct a hearing to determine and award a reasonable attorney's fee for the work done in connection with this appeal.

DONE AND ORDERED in chambers at the Broward County Courthouse in Fort Lauderdale, Florida, this 22nd day of May, 1990.