ON MOTION TO CORRECT RECORD
GARRETT, Judge.
Appellant moves to have this court consider a final order as part of the record. In essence, appellant wants to amend his notice of appeal so that it includes the final order, i
On August 8, 1989, the trial judge signed an order which granted the City of Fort *168 Lauderdale’s (Fort Lauderdale) motion for summary judgment against appellant. Evidently, Fort Lauderdale’s attorney was aware of Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987), because on August 14, 1989, he went back before the same judge to get and file the final order.[1]
On September 6, 1989, appellant timely filed a notice of appeal stating:
NOTICE IS GIVEN that [appellant] appeals ..., the Order of [the trial court] rendered August 8, 1989. The nature of the Order is a final order entitled ‘Final Summary Judgment.’
Appellant never filed a notice of appeal that mentioned an August 14, 1989 order. On June 18, 1990, this court sua sponte dismissed the appeal “pursuant to Russell v. Russell,” because the August 8, 1989 order lacked words of finality. Appellant then moved for rehearing, but, apparently, overlooked that the notice of appeal referred to a final order. The motion only argued that the August 8, 1989 order was appealable:
The order entered in our case was a final order and Russell is inapplicable because the Circuit Court order states that the ‘Motion for Summary Judgement is granted,’ ... and is not an Order of Dismissal.
On July 25, 1990, we denied rehearing. About ninety days later, appellant moved to “correct record” and attached a copy of the final order dated August 14, 1989.
The proceedings have left appellant without any avenue of appeal. His appeal of the August 8, 1989 order has been dismissed by us as nonappealable and the thirty days to appeal the August 14, 1989 order has long passed. However, for good cause shown, we have the power to reinstate a dismissed appeal. Mitchell v. State, 294 So.2d 395, 397 (Fla. 1st DCA 1974). Such “power of an appellate court to reinstate an appeal [is] unaffected by time limits.” Maffea v. Moe, 483 So.2d 829, 831 (Fla. 4th DCA 1986). Here, the good cause is that a final order did exist at the time of the notice of appeal. Knowing that a final order existed allows us to view the notice of appeal in a new light. We now see the notice as ambiguous and only technically defective. The notice appealed the August 8, 1989 order, but stated that the nature of the appealed order was “a final order entitled ‘Final Summary Judgment.’ ” The August 8, 1989 order was entitled, “ORDER RE: DEFENDANT’S MOTION FOR SUMMARY JUDGEMENT,” not “Final Summary Judgment.” The final order was rendered on August 14th, not August 8th. The notice of appeal should have read:
NOTICE IS GIVEN that [appellant] appeals ... the Order of [the trial court] rendered August U, 1989. The nature of the Order is a final order entitled ‘Final Summary Judgment.'
We hold that the filed notice sufficiently informed Fort Lauderdale that the appellant intended to appeal the August 14, 1989 final order. The supreme court in Cobb v. St. Joseph’s Hospital, Inc., 550 So.2d 1, 2 (Fla.1989), stated:
The general test for sufficiency of a notice of appeal is whether the notice of appeal gives sufficient information to determine, with a reasonable degree of certainty, the order being appealed. [Citation omitted], [Technical defects in notices of appeal which do not affect jurisdiction and do not mislead or prejudice parties, do not require dismissal of the appeal.
Because Fort Lauderdale prepared the final order, it was not misled by the notice of appeal. Because Fort Lauderdale has already filed an Answer Brief[2] on the merits, it will not be prejudiced by a belated amendment. Although the notice of appeal gave an incorrect rendition date, such technical defect should not affect our jurisdiction to hear the appeal.
Accordingly, we sua sponte reinstate the appeal and grant appellant’s motion, which *169 we choose to treat as motion to amend the notice of appeal.
DOWNEY and POLEN, JJ., concur.

. The notice of appeal referred to the City of Fort Lauderdale and the City of Deerfield Beach, but the orders only referred to the City of Fort Lauderdale.

. Both the City of Fort Lauderdale and the City of Deerfield Beach are listed as appellees on the Answer Brief.