PER CURIAM.
We reverse the trial court’s August 18, 1989 final order dismissing the amended complaint with prejudice as to the defendant Caulkins Ford Motor Company, a Florida corporation (Caulkins Ford). On July 27, 1989, the trial court granted Caulkins Ford’s motion to dismiss the amended complaint on the grounds that on June 6, 1988, the trial court had previously dismissed the *318 original complaint with prejudice as to Caulkins Ford, that the June 6, 1988 order was a final appealable order which the plaintiff did not appeal, that the trial court lost jurisdiction over Caulkins Ford when the order went unchallenged, that since the trial court lacked jurisdiction to hear the motion to amend the complaint, it erred in permitting the complaint to be subsequently admitted as to Caulkins Ford, and that accordingly, Caulkins Ford was entitled to have the amended complaint against it dismissed with prejudice.
However, the record reveals that the trial court had not lost jurisdiction over Caulkins Ford before the plaintiff moved to amend the complaint. Contrary to the trial court’s ruling, the June 6, 1988 order was not a final appealable order, but an order simply granting the motion to dismiss which lacked the necessary words of finality. See Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987). Because the complaint against Caulkins Ford had not been dismissed in fact, the trial court had not lost jurisdiction over Caulkins Ford. Since the trial court still had jurisdiction over Caulkins Ford, it did not err in permitting an amendment to the complaint as to Caul-kins Ford. Thus, the grounds relied on by the trial court to dismiss the amended complaint against Caulkins Ford are not supported by the record.
Since we conclude that the trial court erred in entering the July 27, 1989 order and the August 18, 1989 final order of dismissal, we reverse the orders and remand to the trial court to reinstate the trial court’s July 20, 1989 order which denied Caulkins Ford’s motion to dismiss but was “without prejudice to the right of Caulkins Ford to file a motion seeking a final determination of its liability or lack thereof under F.S. 440 et seq.”
REVERSED AND REMANDED.
GUNTHER, GARRETT, JJ„ and McNULTY, JOSEPH P., Associate Judge, concur.