581 So.2d 645 (1991)
Betsy DOBRICK and Dennis Dobrick, Her Husband, Appellants,
v.
DISCOVERY CRUISES, INC., a Florida Corporation, Appellee.
No. 90-2345.
District Court of Appeal of Florida, Fourth District.
June 19, 1991.
Harry M. Hausman of Cohn, Hausman & Cohn, P.A., Pembroke Pines, for appellants.
Domingo C. Rodriguez, Rodriguez, Horr, Aronson & Blanck, P.A., Miami, for appellee.

EN BANC OPINION ON MOTION TO DISMISS
PER CURIAM.
The Notice of Appeal in this case purports to appeal an order denying a motion for rehearing. We treat this as an appeal from the underlying disposition of *646 the case, rehearing of which was sought by the motion. See Austin v. B.J. Apparel Corp., 527 So.2d 206 (Fla. 3d DCA 1987).
The further difficulty is that the underlying disposition was an order granting a motion for summary judgment. This court, in Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987), pointed out that an order simply granting a motion, as, for example, a motion to dismiss, did not constitute a final appealable order. Taking this logic one step further, we held that in the absence of an appropriate final order or judgment the appeal would be dismissed. Thus the appellant would thereafter be required to return to the lower tribunal, obtain a final, appealable judgment and file a new notice of appeal, if so inclined.
In White Palms of Palm Beach, Inc. v. Fox, 525 So.2d 518 (Fla. 4th DCA 1988), we applied this concept to an order which granted motions for summary judgment.
We recede from the second aspect of Russell and now hold that where an appeal has been filed prematurely in cases such as this one the appeal will not be dismissed, but the appellant will be given an opportunity to obtain a final, appealable order, and thereafter proceed in this court without the necessity of filing a new appeal. In so holding, we revert to the philosophy of Sloman v. Florida Power and Light Co., 382 So.2d 834 (Fla. 4th DCA 1980), which, by necessary implication, we rejected in Russell.
We certify the following questions to the supreme court as being of great public importance:
Whether an order simply granting a motion to dismiss (either with or without prejudice) or granting a motion for summary judgment, is a final, appealable order; and if it is not
Where a notice of appeal is filed prematurely, may the district courts of appeal provide an opportunity for the appellant to obtain a "final judgment" in the lower tribunal rather than simply dismissing the appeal, either under an extension of the rationale of Williams v. State, 324 So.2d 74 (Fla. 1975), or by virtue of its inherent judicial power, or upon some other rationale?
We deny the motion to dismiss.
HERSEY, C.J., and DOWNEY, ANSTEAD, GLICKSTEIN, DELL, STONE, WARNER, POLEN and GARRETT, JJ., concur.
FARMER, J., dissents with opinion, with which LETTS and GUNTHER, JJ., concur.
FARMER, Judge, dissenting.
Relinquishing jurisdiction we do not have, we undertake by today's decision to advise future litigants who appeal non-reviewable non-final orders how they might properly invoke our jurisdiction and, at the same time, suggest to trial judges that  even though they may not be ready to do so  they enter the order deemed appealable so that we can thus properly assert our review powers. Because I believe that we got it right in Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987), I cannot subscribe to this extraordinary change.
There is among laymen a general perception of lawyers that we are trained in grasping obscure technical details beyond the ken of non-lawyers. We are pictured as drawing tediously slight distinctions in legal arcana which only we few can comprehend. They think we speak in a language known only to us (and a few clerics) about some mystic truths which only our membership in the legal club allows us to know.
Whatever maybe the truth underlying these perceptions, there is  or should be  a certain irreducible minimum of legal knowledge which we must insist that all lawyers have. In other words, there are some small things that we should suffer all lawyers to get right. Without knowing all that is embraced in that minimum, I can confidently say that it should include at least the knowledge that we do not review orders which merely grant motions to dismiss or summary judgment.
There is no mystery attached to the rule. It stands on a proposition which if most lawyers thought about for a moment would *647 leap into the mind's eye. Such orders are written in the sand by the trial judge: they can be changed or even withdrawn at any time until the judge enters a final order disposing of all claims. Why then review an order the judge might want to change? Why bind a trial judge by interlocutory review and thus the law of the case to a decision he or she might want to rehear, modify or even vacate before final judgment?
I am unable to perceive any widespread inability to grasp these self-evident truths. Nor can I see any crisis in our clerk's office created by appeals from orders granting dismissals or adjudications without trial. It is true that dismissal of any appeal  even one so clearly improper as these  requires the attention of three of us. But that is hardly causing any of us to spend so much time on these unauthorized appeals that we cannot reach the ones properly brought.
We are not school teachers, now correcting this litigant, now counseling that lawyer. We are limited by our constitution to review of a specified class of cases. That review does not include instructing or advising litigants on how they can bring us their business.
I think we encourage careless and shoddy lawyering by adopting the kind of rule we do today. If we institutionalize the practice on this class of cases, why not on another, and then another? How will we draw the line on those classes that we won't help get here? How indeed will we contain what we start today? The answer surely is: if we don't start it, we won't later have to distinguish it. If we hold our lawyers to the highest standards, maybe we can also thereby raise ourselves.
As Sam Goldwyn might have said, include me out on this one. I dissent.