STONE, Judge.
Despite finding that the plaintiff had established good cause for failing to perfect service within 120 days, the trial court dismissed the complaint pursuant to Florida Rule of Civil Procedure 1.070®. We reverse.
The trial court read the rule as requiring that any showing of good cause be made within the 120 day time period. The rule provides:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion, (emphasis added)
We interpret the questioned language as mandating a dismissal only where a plaintiff fails to show good cause why service was not timely. The words “within that time” do not refer to the period within which the motion must be heard, but to the maximum 120 days allowed for service without a demonstration of good cause. This view is supported by the language of the supreme court in Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992), stating:
We do not believe the rule is unduly harsh in that the trial judge has broad discretion under Florida Rule of Civil Procedure 1.090(b) to extend the time limitation if reasonable grounds are asserted before the 120-day period expires. Likewise, the trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented. (emphasis added)
Therefore, an affected plaintiff may either seek an extension of the 120-day time limit prior to its expiration or provide good cause for the delay in a hearing held pursuant to a motion filed subsequent to the expiration of the time period.
GUNTHER, J., and MOE, LEROY H., Associate Judge, concur.