POLEN, Judge.
Appellant Diamond Mortgage Company (Diamond) appeals the October 26, 1992 order[1] granting appellee Mercantile Bank of Kansas City’s (Mercantile) motion to strike or to dismiss the complaint against appellees, Mercantile and Howard Hill. We reverse.
The facts and procedure leading up to this dismissal involve some fairly complicated financial dealings among the parties. In 1983, Maria and Hugo Collado executed a $200,-000.00 note in favor of appellant. The note was secured by mortgages on four separate pieces of the Collados’ property. In 1984, appellant obtained a line of credit with Mercantile and executed certain promissory notes in its favor (one in the amount of $149,698.49 and one in the amount of $226,-515.54, referred to here as “Diamond notes”) secured by the Collado note and the four Collado mortgages. In 1987, Mercantile sold the Diamond notes to an entity known as Paramount Advisors.
Paramount agreed to pay a total of $328,-031.67 to Mercantile for the Diamond notes. The price was to be paid partly in cash ($100,031.67), and the remaining $228,000.00 was to be secured by a promissory note. This note was secured by Paramount’s newly acquired interest in the two Diamond notes.
On February 14, 1991, Mercantile notified Paramount Advisors that its note was in default and that Mercantile would foreclose and retain the two Diamond Notes in satisfaction of Paramount’s debt.[2] Consequently, Mercantile would once again own the two Diamond notes secured by the Collado note and mortgages.
In June of 1991, Mercantile filed an action naming as defendants, inter alia, appellant, Paramount and the Collados. The complaint included a count to foreclose on one of the Collado mortgages, as well as a count against appellant, and one against Paramount for damages due to their respective defaults on their loan obligations to Mercantile. Defaults were eventually entered individually against both Hugo and Maria Collado.
On December 5, 1991, Mercantile filed a motion styled “Motion for Final Judgment.” In that three paragraph motion, Mercantile asked the court to enter final judgment against Hugo and Maria Collado based on their respective defaults. The motion failed to give appellant any notice that its rights were also going to be considered. After a hearing, the trial court entered an order on January 16, 1992, for “Final Default Judgment” against the Collados. Contrary to the position taken by Mercantile, since no defendants other than the Collados were named in the motion and the ambiguously worded judgment, it served to adjudicate the rights of the Collados only.
Appellee Howard Hill took assignment of the judgment from Mercantile on April 20, 1992. On May 28, 1992, Mercantile filed a notice of dropping both Appellant and Paramount as parties. On June 1,1992, appellant responded by fifing a motion to intervene. That motion was never heard. Almost four months later, on August 19, 1992, Appellant filed a motion for leave to amend its answer and include a counterclaim. It also filed a motion to vacate and set aside judgment. On August 26, 1992, the trial court entered its order denying appellant’s motion for leave to amend stating, “This case has concluded.”
On August 27, 1992, appellant Diamond filed a new lawsuit against Mercantile and Howard Hill arising, in part, out of fraud. *718 The trial court effectively dismissed the complaint. based on what appears to be an application of a res judicata/collateral estoppel theory. Noting in its judgment that the claims “[ojught to have been asserted in the prior case,” the trial court erroneously determined that claims asserted were barred by estoppel by judgment or one of the other res judicata permutations. Instead, the complaint alleged fraudulent acts based on facts that occurred subsequent to the January 16, 1992, final default judgment. Though we do not speak to the merits of appellant’s argument, nor do we rule on whether the complaint stated a cause of action, we do hold that dismissing the complaint on a theory of estoppel or res judicata constituted reversible error.
Our determination that appellant’s rights were not adjudicated by the January 16,1992 default judgment is further supported by the May 28, 1992 motion to drop it as a party. This procedural technique used by Mercantile is evidence that appellant was still involved in the suit after the default judgment was entered. Furthermore, that inexplicable action removed appellant from the trial court’s jurisdiction, thus rendering all subsequent motions and rulings as nullities vis-a-vis appellant.[3] The effect, if any, of the post-May 28,1992 motions and rulings in the prior suit does not change our determination that the trial court was in error.
Accordingly, we reverse the trial court’s October 26,1992 decision to dismiss or strike appellant’s complaint on any theory of estop-pel or res judicata. We find that the January 16, 1992 default judgment in the prior suit applied only to adjudicate the rights of the Collados who were actually named in the motion and judgment. We do not pass upon any of the defensive matters that appellees might raise against appellant on remand.
ANSTEAD, J., and MAGER, GERALD, Senior Judge, concur.

. Because of the questionable finality of the October 26, 1992 order, we relinquished jurisdiction to the trial court to enter a final, appealable order. See Dobrick v. Discovery Cruises, Inc., 581 So.2d 645 (Fla. 4th DCA 1991). Thus, the trial court's order dated February 7, 1994 is actually the final order of dismissal.

. We do not pass on the legality of this action. For our purposes, we look only to the resulting effect the action had on the relationship between Diamond and Mercantile.

. We hasten to add one caveat to that, however. Although we hold that the motions filed subsequent to May 28, 1992 have no effect on the rights of appellant, they may still be used in future proceedings after remand for some other purpose such as evidence, or for impeachment.