COPE, Judge.
George L. Onett appeals an order dismissing his complaint for failure to serve defendant-appellees Robert Ahola and Geneva Marie Ahola within 120 days after filing the complaint, as required by Florida Rule of Civil Procedure 1.070(i). Because plaintiff showed good cause for the delay in service, we reverse.
Plaintiff Onett sued defendants for injuries sustained in an automobile accident. He filed the complaint on November 15, 1993 and summonses were issued the same day. These were to be served at defendants’ address in Plantation, Florida. Prior to service, plaintiffs counsel learned that defendants no longer resided at that address. On the 15th day after filing the complaint, plaintiffs counsel obtained from an investigator an address for defendants in Buffalo, New York.
On the 91st day, a deputy sheriff attempted service at the Buffalo address. The deputy was falsely told, either by someone in defendant’s household or a neighbor, that the defendants did not reside at that address. Service was therefore not accomplished.
Plaintiffs counsel then initiated an inquiry through the postal service for change of address information. The postmaster advised that the defendants were receiving mail at the same Buffalo address.
Plaintiff asked the deputy to attempt service again at the same Buffalo address. The deputy reported back that he had again been advised that neither defendant resided at that address.
Plaintiff requested a better address from the defendants’ insurer, State Farm Mutual Automobile Insurance Company. The insurer responded that the policy had expired and it did not have a current address.
Plaintiffs then amended the complaint to state that defendants were nonresidents of Florida and that service would be proper through the substituted service procedure of section 48.161, Florida Statutes. Plaintiff served the Secretary of State on June 22, 1994. The suit papers were sent by certified mail to the defendants at the Buffalo address. Defendants signed for the suit papers on July 2,1994.
Defendants moved to dismiss the action without prejudice on the ground that they had not been served within the 120-day period required by Florida Rule of Civil Procedure 1.070(i). In opposition, plaintiffs counsel filed an affidavit and relevant documents. The trial court granted the motion and plaintiff has appealed. The statute of limitations has since expired, so the effect of the dismissal is to bar the action.
Defendants first argue that if plaintiff does not make a motion for extension of time prior to the expiration of the 120-day time limit, then the trial court must dismiss the action and the plaintiff is not allowed to make a showing of good cause for the delay in service. In the present case plaintiff did not file *595 a motion to extend the time limit. Defendants therefore contend that any showing of good cause for delay was immaterial, and that the trial court was correct in dismissing the action.
Defendants misread the rule and the ease on which they rely, Morales v. Sperry Rand Corp., 601 So'.2d 538 (Fla.1992). As the Fourth District has explained, “an affected plaintiff may either seek an extension of the 120-day time limit prior to its expiration or provide good cause for the delay in a hearing held pursuant to a motion filed subsequent to the expiration of the [120-day] time period.” Sirianni v. Kiehne, 608 So.2d 936 (Fla. 4th DCA 1992). Obviously if the plaintiff obtains an order extending the 120-day time limit and then accomplishes service within the extension of time, service is timely as a matter of law. There would be no occasion to consider the issue of good cause. The question of showing good cause only arises if the plaintiff accomplishes service after the 120-day limit (and any extensions) have expired.
Defendants next argue that the plaintiff failed to show good cause for serving defendants after the 120-day limit had expired. On the contrary, the plaintiff’s counsel’s affidavit and attached documentation fully establish good cause.
In this case, the deputy sheriff went to defendants’ actual address in Buffalo, New York and attempted service on the 91st day. The only reason service was not accomplished on that day is that the deputy was told the defendants did not reside at that address. That information was false. The deputy was either lied to by someone in the defendants’ household, or he was given incorrect information by a neighbor. Regardless of the explanation, the plain fact is that the papers were brought to the correct address well within the 120-day time limit, and service failed only because the detective was given incorrect information.
Plaintiff reverified the address through the postal service, having received no help from the defendants’ insurer at this stage. Plaintiff requested another try at service at the Buffalo address. The deputy did so, and was again given the incorrect information that the defendants did not reside there.
Plaintiff then initiated service through the Secretary of State, which was accomplished. As the certified mail receipts confirm, the defendants actually resided at the Buffalo address. But for the deputy being misled about the defendants’ true address, service would have been accomplished on the very first attempt, which was only 91 days after the complaint was filed. Good cause was abundantly shown.
Defendants also claim that the plaintiff was not sufficiently diligent because it was not until after service failed on the 91st day that the plaintiff amended his complaint to allege that the defendants were nonresidents. Defendants say that this would have rendered the complaint vulnerable to dismissal had service been accomplished on the 91st day, and therefore plaintiff was somehow neglectful. The short answer is that Rule 1.070(f) is a rule designed to assure that service is accomplished within 120 days. Whether there are pleading deficiencies in the complaint is immaterial. See Sneed v. H.B. Daniel Construction Co., 674 So.2d 158, 159 (Fla. 5th DCA 1996); Caban v. Skinner, 648 So.2d 251 (Fla. 3d DCA 1994).
As good cause was shown for denying the defendants’ motion under Rule 1.070(i), we reverse the order of dismissal and remand with directions to reinstate the action.