PER CURIAM.
Appellants/plaintiffs appeal the lower court’s order dismissing their case for failure to timely effectuate service of process. We reverse.
Two weeks before the expiration of the 120-day deadline for service of process, appellants moved for an extension of time to serve the appellees/defendants, citing as one of their reasons that appellants’ counsel was involved in a lengthy trial. Contrary to ap-pellees’ position, appellants were not required to show “good cause” for the extension of time because appellants moved for the extension prior to the expiration of the 120-day period. When a litigant seeks an extension of time before the period expires, Florida Rule of Civil Procedure Rule 1.090(b)(1) requires only “cause shown.” If reasonable grounds are asserted before the 120-day period expires, the trial judge has broad discretion to extend the time limitation. See Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992) and Onett v. Ahola, 683 So.2d 593, 595 (Fla. 3d DCA 1996). Given the law’s preference for resolving cases on their merits and the general, and desirable, liberality for granting extensions of time periods timely requested, we find that appellants’ attorney’s preparation and participation in a lengthy, complicated trial was a reasonable ground and thus sufficient on its own to constitute “cause” to extend the deadline.
Reversed.