PARKER, Chief Judge.
Nadir and Nafisa Khambaty (the Khambatys) appeal the trial court’s order of dismissal which the trial court entered pursuant to a previous order granting Gerald E. Lepine’s motion to dismiss for failure to comply with Florida Rule of Civil Procedure 1.070(j).[1] Because we find that *1184 the Khambatys effectuated service of process in accordance with .rule 1.070(j), we reverse. We also reject Lepine’s argument that the service was invalid for failure to comply with section 48.161, Florida Statutes (1995).
On December 18, 1996, the Khambatys filed a complaint against Lepine seeking damages and' alleging Lepine’s negligence in an automobile accident that occurred in 1993. The Khambatys issued a summons for service on February 14, 1997, which the sheriff returned, unserved. On April 2, 1997, the Khambatys filed a motion for enlargement of time within which to effectuate service of process, The motion requested an additional 120 days to serve Lepine because the Khambatys had not been successful in locating him. On April 4, 1997, the trial court entered an order granting an additional ninety days to effectuate service, up to and including July 16, 1997.
On June 4, 1997, the Khambatys filed an amended complaint, which was. identical to the original complaint, except it contained allegations that Lepine was no longer a resident of the State of Florida and was now a resident of the State of Texas. On July 14, 1997, the Khambatys filed another motion for enlargement of time within which to effectuate service of process. The motion stated that the Khambatys had learned that Lepine was in Texas and had amended their complaint accordingly.- The motion also stated: “[I]t is believed that the Defendant ... has attempted and will attempt to evade service of legal process and counsel for the Plaintiff will need additional time to serve said Defendant.” On July 17, 1997, the trial court entered an order granting the Khambatys an additional thirty days to effectuate service of process, up to and including August 18, 1997. The record does not contain transcripts from either extension hearing.
On August 11, 1997, the Khambatys effectuated service of process on Lepine in Texas.' Lepine subsequently filed a motion to dismiss claiming that the Khamba-tys had failed to effectuate valid personal service within 120 days from the filing of the complaint, as required by Florida Rule of Civil Procedure 1.070(j).[2] The trial court granted Lepine’s motion to dismiss, finding that the Khambatys had served Lepine after the April 1997 order granting a ninety-day extension had expired, and that they had not shown a sufficient basis to support the previous order granting a second enlargement of time. On May 1, 1998, the trial court issued a final order dismissing the cause with prejudice.
On appeal, the Khambatys argue that under Florida Rule of Civil Procedure 1.090(b), their allegation that Lepine had attempted and would continue to attempt to evade service constituted a sufficient basis for the second extension. At issue is whether rule 1.090 requires something more than “cause shown” as a prerequisite to an extension when the request is made before expiration of the time in which to effectuate service of process. We find no such requirement in the rule.
Rule 1.090, which governs time requirements for all of the Florida Rules of Civil Procedure, provides:
(b) Enlargement. When an act is required:or allowed to be done at or within a specified time by order of court, by *1185 these rules, or by notice given there under, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request there for is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.
(emphasis added). Rule 1.090 expressly distinguishes between the showing of cause required when a party moves for an extension before the time to effectuate service has expired and when a party moves for an extension after the time to effectuate service has expired. The distinction is best explained by the Third District in Litwinski v. Weitzer Country Homes, Inc., 711 So.2d 1390, 1391 (Fla. 3d DCA 1998):
Contrary to appellees’ position, appellants were not required to show “good cause” for the extension of time because appellants moved for the extension prior to the expiration of the 120-day period. When a litigant seeks an extension of time before the period expires, Florida Rule of Civil Procedure 1.090(b)(1) requires only “cause shown.” If reasonable grounds are asserted before the 120-day period expires, the trial judge has broad discretion to extend the time limitation,
(citations omitted). See also Gulliver Academy, Inc., v. Bodek, 694 So.2d 675, 677 (Fla.1997); Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992).
In this case, the Khambatys moved for both extensions before the expiration of the time in which to serve process. The Khambatys stated in their motion for the second extension that they needed additional time because they believed that Le-pine had attempted and would continue to attempt to evade service of process. While this allegation may not rise to the level of “good cause” or “excusable neglect” required had the time for service of process expired, it certainly provides a reasonable ground for the delay. Because there is nothing in the record to refute the trial court’s finding of cause to grant the last extension, and because the Khambatys effectuated service of process within the thirty-day extension period, we reverse the order granting Lepine’s motion to dismiss.
Lastly, Lepine is incorrect in arguing that the service itself was invalid because the Khambatys failed to comply with section 48.161, Florida Statutes (1995). Lepine claims that the copy of the summons filed by the Khambatys does not constitute a return of service under section 48.161. However, a summons can serve as a return if it contains the following notations: (1) the time when it comes to hand; (2) the time when it is executed; (3) the manner of execution; and (4) the name of the person on whom it was executed. See § 48.21, Fla. Stat. (1995). Because the summons in the record contains all of the proper notations, we conclude that the service was valid.
Reversed and remanded.
CASANUEVA and STRINGER, JJ„ Concur.

. We have jurisdiction to treat the appeal of the order of dismissal as an appeal of the order granting Lepine's motion to dismiss. See Dobrick v. Discoveiy Cruises, Inc., 581 So.2d 645, 646 (Fla. 4th DCA 1991) (en banc) (appellate court may address the merits of a nonfinal, nonappealable motion to dismiss where the trial court has subsequently entered an order dismissing the underlying *1184 cause); Gries Inv. Co. v. Chelton, 388 So.2d 1281, 1282-83 (Fla. 3d DCA 1980).

. That rule states:
Rule 1.070. Process.
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within' 120 days .after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntáry dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).