806 So.2d 605 (2002)
Roy SWEENEY, Appellant,
v.
INTEGON GENERAL INSURANCE CORPORATION, Appellee.
No. 4D01-249.
District Court of Appeal of Florida, Fourth District.
February 6, 2002.
Brian M. Torres and Sandra McClure of Sheftall & Torres, P.A., Miami; Sean C. Domnick of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach; and Jeffrey Orseck of Jeffrey Orseck, P.A., Fort Lauderdale, for appellant.
Marcy Levine Aldrich, Nancy A. Copperthwaite and Valerie B. Itkoff of Akerman Senterfitt & Eidson, P.A., Miami, for appellee.
STONE, J.
We reverse a final judgment dismissing Sweeney's complaint for failure to state a cause of action.
The complaint against Integon was filed as a class action and sought damages for breach of contract based on Integon's policy of authorizing non-original equipment manufacturer ("OEM") crash parts to be used in the repair of automobiles. Non OEM parts are parts "made by any manufacturer other than the original vehicle manufacturer or her or his supplier." § 501.32, Fla. Stat. (1999).
According to the complaint, Sweeney's vehicle was damaged in an accident by a driver who was insured by Integon. Sweeney claimed that Integon was obligated *606 to pay for repairs to his car pursuant to its contract with its insured. According to Sweeney, Integon agreed to restore Sweeney's vehicle using parts of like kind and quality. Specifically, the policy limits Integon's liability for loss to the "[a]mount necessary to repair or replace the property with other property of like kind and quality."[1]
The complaint alleged that Integon authorized Sweeney's automobile to be repaired with non-OEM parts without Sweeney's knowledge. The complaint alleged that the non-OEM parts are not of "like kind and quality" and were not only uniformly inferior in quality, but also did not restore the vehicle to its pre-loss condition. The complaint also alleged that Integon's obligations under the policy "could be met only by requiring the exclusive use in repairs of factory-authorized or OEM parts." Sweeney alleged that Integon's practice of using non-OEM parts was a breach of its obligation to all insureds. The trial court dismissed the complaint, holding that Sweeney had no actionable claim against Integon.
We conclude that the court erred in dismissing the complaint. On a motion to dismiss for failure to state a cause of action, the trial court is required to treat the factual allegations of the complaint as true and to consider the factual allegations in the light most favorable to the non-moving party. E.g., Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1031 (Fla. 4th DCA 1994). Here, the trial court went beyond the four corners of the complaint and dismissed for lack of proof.
Integon's policy does not specify the use of OEM parts. Integon is liable under its terms up to the amount necessary to repair or replace the property with other property of like kind and quality. We also note that the laws of this state even permit the use of non-OEM crash parts in repair. Section 4-166.027(1), Florida Administrative Code, which was in effect during the time period of the dispute, required only that replacement parts be "at least equal in kind and quality to the original parts in terms of fit, quality, and performance," and section 501.30 et seq., Florida Statutes (1999), condones use of non-OEM parts as long as certain disclosure procedures are followed.
The trial court order followed another circuit court decision, Casas v. United Auto. Ass'n, No. 99-15644 CACE (09) (Fla. 17th Cir. Oct. 17, 2000), in ruling that Sweeney could not "possibly establish" the truth of his allegation that non-OEM parts uniformly are not of like kind and quality to OEM parts. Although superficially a reasonable assumption, the court is impermissibly assuming a lack of proof as to the merits of the claims. See Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859, 861 (Fla. 5th DCA 1996). In reviewing a motion to dismiss a complaint, however, the trial court is limited to considering questions of law. The court is not free to rely on its assumptions as to what may, or may not, ultimately be proved. Id.
Therefore, we cannot say, based on the allegations of the complaint, that Sweeney could not produce prima facie evidence supporting his allegations. The complaint, taking the allegations most favorably to Sweeney, alleges the existence of the insurance *607 policy, the method and means of breach of the insurance policy, and resulting damages. Whether Sweeney is entitled to claim the benefits of the terms of the policy or whether it will be proven that the parts authorized for use are of like kind and quality to the manufacturer's original parts remain to be resolved by summary judgment or trial.
We also reject Integon's assertion that Sweeney's appeal is barred by waiver due to his obtaining a final order in response to this court's directive entered pursuant to Dobrick v. Discovery Cruises, Inc., 581 So.2d 645 (Fla. 4th DCA 1991). By our "Dobrick" order, we simply authorized the trial court to enter the very dismissal that was contemplated by its earlier non-final order on the merits. See Diamond Mortgage Co. v. Mercantile Bank of Kan. City, 634 So.2d 716, 717 n. 1 (Fla. 4th DCA 1994); Korandovitch v. Vista Plantation Condo. Ass'n, Inc., 614 So.2d 5, 6 (Fla. 4th DCA 1993).
The trial court's dismissal of the class action was based on the court's conclusion that Sweeney stated no individual cause of action. Upon our contrary conclusion here, the stated basis for the trial court's dismissal of the class action is now mooted. Therefore, concluding that the complaint states a cause of action, we reverse and remand for further proceedings.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] We do not address the merits or even whether Sweeney will be able to prove that he is entitled to the benefits of this portion of the insurance contract. The policy was not attached to the complaint and we cannot look outside the four corners of the complaint and any attached exhibits in reviewing the motion to dismiss. See Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 494 (Fla. 4th DCA 2001).