SAWAYA, J.
Paul Sell appeals the order entered on his former wife’s amended motion to compel and motion for contempt, which order also awarded the former wife attorney’s fees. We affirm that portion of the order awarding fees, but dismiss the appeal as to the remainder of the order for lack of jurisdiction.
The order emanates from dissolution proceedings in which the trial court found that Sell failed to pay the federal tax liability and deliver several personal items to his former wife as the parties previously agreed in their marital settlement' agreement. The former wife sought relief by filing her amended motion, which alleged that Sell’s failure to pay the tax liability adversely affected her ability to obtain a mortgage, resulted in the intercept of her individual tax refund, and caused the Internal Revenue Service to pursue her for payment of the tax debt.
Finding that Sell had perpetrated a fraud on the court and that extraordinary circumstances existed entitling the former wife to relief, the trial court entered the order under review wherein Sell was ordered to pay $4,000 into the trust account of the former wife’s attorney and not to further encumber any of his assets or dissipate or sell any asset until further order of the court. Finally, the order required the former wife’s attorney to file a brief discussing the propriety of imposing a jail sentence on Sell for his “failure to maintain a debt pursuant to a Final Judgment of Dissolution of Marriage.” The former wife’s attorney was directed to re-notice the amended motion for hearing after filing the requested brief, at which time, according to the order, the trial court would consider what remedy to impose for Sell’s willful non-compliance with the settlement agreement and for the fraud he perpetrated on the court.
We conclude that the order is not appealable and this court is without jurisdiction to review it because 1) it imposes no sanctions for Sell’s conduct and does not actually do anything with respect to the contempt issue which is the issue Sell argues in the instant proceédings, and 2) it sets the hearing for sanctions for an unspecified later date and contemplates further action by the trial court. See Stramaglia v. Marubeni Am. Corp., 561 So.2d 433 (Fla. 4th DCA 1990); Crane v. Crane, 559 So.2d 97 (Fla. 5th DCA 1990); see also Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994).
Finally, we conclude that the order is not appropriate for certiorari review because there is an adequate remedy via an appeal after the final order is entered. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987) (recognizing the general rule that a non-final order is reviewable by certiorari only if it departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings and leaving no adequate remedy on appeal).
Insofar as the order makes a $4,000 temporary fees award for current and prospective fees incurred relative to the contempt motion, we find that this part of the order is renewable by this court. We conclude that the portion of the order awarding the fees should be affirmed because we find nothing in the record to indicate that the trial court abused its discretion in making the award.
AFFIRMED in part, DISMISSED in part.
GRIFFIN and ORFINGER, R.B., JJ„ concur.