SCHWARTZ, Chief Judge.
The petition for certiorari is treated as an application for mandamus to require the Appellate Division of the Miami-Dade Circuit Court to hear and consider the petitioner’s appeal from a February 20, 2002 Miami-Dade County court order dropping a party defendant and is granted. See Griffin v. Sistuenck, 816 So.2d 600 (Fla.2002); Sky Lake Gardens Recreation, Inc. v. District Court of Appeal, Third District, 511 So.2d 293 (Fla.1987).
The appellate division dismissed the appeal on the erroneous theory that a motion for rehearing timely filed in the county court was unauthorized and did not extend the time of rendition of the order on appeal so as to render the notice, which was filed on June 3, 2002, within thirty days of the denial of rehearing on May 2, 2002, untimely. In fact, however, the county court order dropping a party defen *389 dant is an appealable final judgment,[1] Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315, 318 (Fla. 3d DCA 1987), and cases collected, to which a motion for rehearing properly lies. Laytner v. Humble Oil & Refining Co., 262 So.2d 675 (Fla.1972); Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986), review denied, 494 So.2d 1153 (Fla.1986). That motion therefore properly tolled the appeal time so that, contrary to the ruling below, the notice of appeal was timely filed. See Fla.R.App.P. 9.020(h)(1). The appellate division is therefore ordered to reinstate the appeal and decide it on its merits.
Mandamus granted.

. The fact that the notice of appeal erroneously designated the order as a "non-final order” is immaterial. See Austin v. B.J. Apparel Corp., 527 So.2d 206 (Fla. 3d DCA 1987); Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1981).