ORFINGER, Chief Judge.
The issue on appeal is whether the trial court erred in denying defendant’s motion to suppress evidence seized during a war-rantless search. Defendant pleaded nolo contendere to armed burglary of a dwelling, reserving the right to appeal the denial of his motion. We affirm.
Orange County deputy sheriff Campbell responded to a disturbance call in the early morning hours of December 11, 1981. On arrival, the deputy was told by the complainant that she had been threatened by appellant and another man that they would “beat her and beat her bad.” She told the officer that she was frightened for her own safety and the safety of her children. While the deputy and another officer were discussing the threat with the complainant who was then sitting in the patrol car, a vehicle with two occupants inside approached, stopped, and then turned around. The complainant identified the occupants as the persons who had threatened her. With the complainant still in the patrol car, the deputy followed the vehicle for approximately one-quarter of a mile. When the car turned on to another street at a high rate of speed, Campbell turned on his emergency lights, and continued to pursue the vehicle until he finally overtook it and pulled the vehicle over.
Appellant’s passenger got out of the car first and was asked to produce identification. The deputy then walked up to the driver of the vehicle, defendant Larry Harrison, and asked him for his driver’s license. As Harrison exited the vehicle, Campbell looked down on the driver’s seat and saw a revolver on the seat where it would be concealed behind the driver. Harrison was arrested for carrying a concealed weapon.
The deputy then conducted a partial search of Harrison’s car which disclosed a second revolver under the passenger’s seat where the passenger had been seated. A subsequent search of the car revealed various rifles and appliances which connected the vehicle with a robbery in the vicinity. Within a couple of hours, the sheriff’s office was able to verify the stolen status of the property in the car.
Harrison contends that the evidence was illegally seized without a warrant in that there was no legal justification for the stop. Florida’s “Stop and Frisk Law,” section 901.151(2), Florida Statutes (1981), says in part:
Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is *429 committing or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
Under the statute, to justify a stop, the officer must be able to point to specific and articulable facts which, taken together with rational inferences from these facts, reasonably justify the stop. State v. Webb, 398 So.2d 820 (Fla.1981). The totality of the circumstances should be taken into account in determining whether there is a reasonable suspicion that the individual being stopped is engaged in wrongdoing. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 490, 66 L.Ed.2d 621 (1981); State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982).
Specific and articulable facts were known to the officer here. The complaining party identified defendant and his companion as the persons who had threatened her with bodily harm. When the officer attempted to stop the car to investigate the complaint, a high speed chase ensued and the officer’s suspicions were heightened. These were not the circumstances present in McClain v. State, 408 So.2d 721 (Fla. 1st DCA 1982), pet. rev. dismissed 415 So.2d 1361 (Fla.1982), where the stop was made solely because the police officer had the impression that defendant and a companion were trying to avoid him when they crossed the street as they approached him.
Sub judice, the officer had received a direct complaint that defendant and his companion had committed the crime of assault. When he attempted to stop the persons identified as having committed the crime, they turned and ran. The eventual stop was lawful, and when appellant exited the vehicle, the firearm was plainly visible. Based on this “open view,” the officer had probable cause to believe that appellant had committed the crime of possessing a concealed firearm, to arrest him for that crime, and to seize the firearm based on the automobile exception to the warrant requirement. See Ensor v. State, 403 So.2d 349 (Fla.1981).
The trial court properly denied the motion to suppress, and, accordingly, the judgment of conviction is
AFFIRMED.
DAUKSCH and COBB, JJ., concur.