496 So.2d 224 (1986)
STATE of Florida, Appellant,
v.
James Edward POOLE, Appellee.
No. 85-1925.
District Court of Appeal of Florida, Fifth District.
October 23, 1986.
*225 Jim Smith, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellant.
James Dickson Crock, Daytona Beach, for appellee.
ORFINGER, Judge.
The order suppressing the handgun seized from the defendant is reversed. We find no merit in the defendant's assertion that the unreliability of the informant who told the police officers that defendant might be carrying a weapon is determinative of the issue here. After receiving the information, the officers saw the defendant put something in the car and walk away from it. While standing on the public street, a place where he had a right to be, one of the officers looked in the car and had an open view of the butt of a gun protruding from underneath the driver's seat. Ensor v. State, 403 So.2d 349 (Fla. 1981). When it was clear that the defendant was the only occupant of the car, thus exercising control and authority over the car and the gun, the officers had probable cause to stop and arrest defendant for carrying a concealed firearm and had the right to seize the handgun based upon the automobile exception to the warrant requirement. Ensor; Harrison v. State, 442 So.2d 427 (Fla. 5th DCA 1983).
REVERSED.
UPCHURCH, C.J., and DAUKSCH, J., concur.