518 So.2d 474 (1988)
STATE of Florida, Appellant,
v.
Joseph Michael QUINN, Appellee.
No. 87-1302.
District Court of Appeal of Florida, Fourth District.
January 20, 1988.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
We affirm. We find that the trial court did not err in granting the Defendant's motion to dismiss. No question of fact remains as to whether the firearm was concealed within the meaning of section 790.001(2), Florida Statutes (1985). The state acknowledged that the arresting officer immediately recognized the object as a firearm from his position outside the defendant's car. Also, no evidence was offered to suggest that the officer's training and experience contributed to his identification of the firearm. See Ensor v. State, 403 So.2d 349, 354 (Fla. 1981).
Furthermore, we decline to apply Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987), to criminal cases.
AFFIRMED.
DELL and GUNTHER, JJ., concur.
GLICKSTEIN, J., concurs with opinion.
GLICKSTEIN, Judge, concurring.
On the merits, I see enough similarity in this bare boned case to Mitchell v. State, 494 So.2d 498 (Fla. 2d DCA 1986), to concur with the majority, although I am uncomfortable with the short notice given the *475 state and the lack of authority discussed at the hearing on the motion to dismiss.
I use the phrase "bare boned" because the relevant facts relate to the officer's probable cause affidavit and are briefly stated in the statement of the case and facts in the appellee's answer brief, to which no demurrer was made by the state in its reply brief. The statement includes the following:
At the motion hearing the state based its argument on the probable cause affidavit of the arresting officer. This affidavit said the arresting officer noticed the gun sticking out from under a sheet which was being used as a seat cover and that the affiant "immediately recognized" the object as a firearm. The court said that the facts of the probable cause affidavit dispelled any issue of fact, since the affidavit said that the officer immediately recognized it as a gun.
The state argued that the facts were "subject to interpretation" and offered to subpoena the police officer to testify but the state needed a five day continuance to get the officer to court. The court asked the state why it must order an adjournment to take the officer's testimony unless the officer was going to testify to something other than he swore in the affidavit.
The state agreed that the officer would not testify to anything contrary to the affidavit but again asked the court to grant a continuance to take the officer's testimony, which was denied.
The sworn motion to dismiss says:
1. On December 21, 1986, Officer M. Beckman effected a traffic stop on Michael Joseph Quinn for defective equipment.
2. The officer noticed a firearm sticking out from under a cloth on the seat from his position outside the car.
3. The Defendant has a permit to carry a firearm issued by the State of Florida and follows all rules and regulations required by the division of licensing.
4. The Defendant was on his way home from work when the stop was effected.
5. The Defendant is employed as a security officer.
It is helpful that the panel has held that Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987), does not compel this court to dismiss the state's appeal, pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A), from an order which grants appellee's motion to dismiss. In my view, Russell sets up needless barriers to appeal, and should be appropriately restricted if it is to be the law of the district.