SCHOONOVER, Judge.
The appellant, Calvin Harris, challenges the judgments and sentences entered after he pled nolo contendere to the charges contained in four informations and reserved his right to appeal the trial court’s denial of his motion to suppress evidence. We reverse.
The testimony presented at the hearing on the appellant’s motion to suppress, even when viewed in a light most favorable to the state, establishes that the evidence in question was obtained from the appellant as the result of an illegal detention. A person may be subjected to a limited seizure under the fourth amendment to the United States Constitution when a law enforcement officer has a reasonable and ar-ticulable belief that the person may be engaged in criminal activity. Jacobson v. State, 476 So.2d 1282 (Fla.1985). It is fundamental, however, that a law enforcement officer’s bare suspicion or “hunch” that a person is involved in criminal activity will not justify a detainment or arrest of that person. See §§ 901.15, 901.151, Fla.Stat. (1987). See also, Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984). The arresting *188 officer in this case was not able to articulate any facts which established that he reasonably believed that the appellant was involved in any criminal activity before he was detained, frisked, handcuffed, and placed into a police car. Additionally, the officer admitted that he did not believe that probable cause to arrest existed up to that point.
Although certain incriminating evidence was obtained from the appellant after he had been taken into custody, the legality of the seizure must be determined on the basis of facts known to the officer prior to the seizure. See State v. Riehl, 504 So.2d 798 (Fla. 2d DCA), review denied, 513 So.2d 1063 (Fla.1987); McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986). The trial court, therefore, erred in considering the events which transpired after the initial unlawful detainment in ruling on the appellant’s motion. See Ward v. State, 453 So.2d 517 (Fla. 2d DCA 1984).
Since the evidence described in the appellant’s motion to suppress was obtained pursuant to an unlawful detainment and arrest, the trial court erred in denying that motion. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We, accordingly, reverse and remand with instructions to discharge the appellant on all of the charges referred to in the four informations filed against him.
REVERSED AND REMANDED WITH INSTRUCTIONS.
SCHEB, A.C.J., and HALL, J., concur.