546 So.2d 754 (1989)
David MYERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2680.
District Court of Appeal of Florida, Third District.
July 11, 1989.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg and Jorge Espinosa, Asst. Attys. Gen., for appellee.
Before HUBBART, LEVY and GERSTEN, JJ.
PER CURIAM.
This is an appeal by the defendant David Myers from a final judgment of conviction and sentence for unlawful possession of cocaine, unlawful possession of drug paraphernalia, and carrying a concealed firearm. The judgment and sentence were entered upon a nolo contendere plea in which the defendant specifically reserved for appeal the denial of his motion to suppress evidence seized by police from the defendant's automobile, which motion was stipulated below to be dispositive of the case. We affirm based on a holding that the police officer herein had probable cause to search the defendant's automobile after (a) the officer validly stopped the defendant *755 for a traffic violation, (b) the defendant got out of the driver's side of his automobile as the officer approached the said automobile, and (c) the officer, from his vantage point outside the car, looked through the driver's window onto the floorboard of the automobile and "saw the barrel of a revolver protruding from under the driver's seat." We reach this result because, under the above circumstances, the officer had probable cause to believe that the subject revolver had been hidden from the sight of an ordinary person when the defendant was seated in the driver's seat driving the subject automobile, and thus the defendant had been illegally carrying a concealed firearm at that time. Ensor v. State, 403 So.2d 349 (Fla. 1981); State v. Poole, 496 So.2d 224 (Fla. 5th DCA 1986); McGraw v. State, 404 So.2d 817 (Fla. 1st DCA 1981).
Affirmed.