551 So.2d 552 (1989)
The STATE of Florida, Appellant,
v.
Jose Raul PUIG, Appellee.
No. 88-2812.
District Court of Appeal of Florida, Third District.
October 3, 1989.
Rehearing Denied November 15, 1989.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellee.
Before NESBITT, LEVY, and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal by the State from the trial court's order granting suppression of contraband. We reverse.
*553 Appellee, Jose Raul Puig, was stopped for a minor traffic violation by two police officers. After obtaining appellee's driver's license and the car's registration, one of the officers went to appellee's car to compare the vehicle identification number on the dashboard to the number on the registration. While flashing his light into the car to look at the vehicle identification number, the officer saw the barrel of a firearm protruding below the driver's seat. The officer retrieved the firearm and arrested appellee for carrying a concealed firearm.
Searching the appellee's car, the officer discovered a bag on the passenger's seat. The officer's search of that bag produced a kilo of cocaine. A search of the appellee's pockets revealed a small vial of cocaine. The appellee was charged with trafficking in cocaine and possession of a firearm while engaged in a criminal offense.
Appellee filed a motion to suppress the seized evidence, claiming that the gun was not concealed from the ordinary sight of others because it was clearly visible to the officer. Therefore the officer lacked any probable cause to arrest and conduct the subsequent search. The trial court granted the defense motion to suppress, which supplied the subject matter of this appeal.
The State contends, and we agree, that the issue of whether the partially visible firearm was "concealed" is an issue of fact for the jury. Ensor v. State, 403 So.2d 349 (Fla. 1981); McGraw v. State, 404 So.2d 817 (Fla. 1st DCA 1981); see also Chapas v. State, 404 So.2d 1102 (Fla. 2d DCA 1981). The fact that a firearm is in the open view of a law enforcement officer does not preclude it from being a concealed firearm within the meaning of the applicable statute. State v. Strachan, 549 So.2d 235 (Fla. 3d DCA 1989).
The existence of the weapon under the driver's seat was sufficient evidence to give rise to the belief that an offense had been committed. See State v. Outten, 206 So.2d 392 (Fla. 1968). We therefore find that there was probable cause to arrest and to conduct a search incident to that arrest.
Reversed and remanded.