COBB, Judge.
The issue on this appeal is whether the appellant was guilty of carrying a concealed weapon. The critical testimony submitted at a hearing on a defense motion to dismiss was elicited from the arresting officer:
BY MS. ROSEN [Defense counsel]: Okay, so he goes into the vehicle at that point when he’s retrieving his registration that you use your flashlight to look inside the vehicle.
A. Ah, yeah, ah, that[’]s standard procedure, ah, to insure my own safety for one, I always do that whenever I’m on a traffic stop.
Q. Okay, ah what happened when you looked inside?
A. Okay, as he, as he was leaning over he was ah he’s apparently going for the glove box, that’s where most people keep their registrations as he was leaning in over the glove box I had the flashlight looking over his back I observed what I noticed to be the butt of a ah pistol in between the driver’s seat and the, and the um and the center part of the vehicle.
Q. Was it concealed?
A. The, it was concealed to, to a point where it wasn’t fully, fully in view.
Q. Okay, but you could tell it was the butt of, - something?
A. Yes Ma’am.
Q. Okay you couldn’t tell whether it was a pistol or a B.B. gun or-
A. No ma[’]am.
Q. -or an air gun or what—
*1136 A. No ma[’]am—
Q. Right? Okay, what did you do then?
A. I ordered him out of the car ...
The facts herein are logically indistinguishable from those in Cope v. State, 523 So.2d 1270 (Fla. 5th DCA), review denied, 531 So.2d 1355 (Fla.1988). Accordingly, we find that the trial court erred in denying Taylor’s motion to dismiss; hence, we reverse and remand with instructions to discharge the defendant.
REVERSED.
DANIEL, C.J., concurs.
SHARP, J., dissents with opinion.