COPE, Judge.
Defendant John Lane pled nolo conten-dere to the charges of carrying a concealed firearm in violation of subsection 790.01(2), Florida Statutes (1989), and possession of a firearm by a convicted felon in violation of section 790.23, Florida Statutes (1989), with a reservation of a right to appeal the denial of the motion to suppress the firearm.
The arresting officer encountered the defendant in a public park which was closed. He ordered defendant to leave the park and accompanied him to his ear. When the defendant entered the car, the officer observed something shiny protruding from between two armrests in the front seat. The officer stated, “From looking at the back of it, it looked as though it was an object, a weapon.” The visible portion of the object was the back of the butt of a pistol. Approximately ten percent of the handgun was exposed with the remainder being concealed. The officer ordered the defendant out of the car, secured the weapon, and arrested defendant for carrying a *1015 concealed firearm. Defendant moved to suppress the firearm, arguing that it was not concealed and was impermissibly seized. The trial court denied the motion to suppress.
The question was whether the arresting officer had probable cause to believe that the felony of carrying a concealed firearm was being committed in his presence. En-sor v. State, 403 So.2d 349, 353 (Fla.1981). The test is “whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is seated, may by ordinary observation know the questioned object to be a firearm.” Id. at 355. It is settled that “the permissible and legal observations of a police observer in making an arrest and the observation of an average person making normal contact with an individual are clearly not the same.” Id. The determination for the officer, in other words, was whether an average individual would by ordinary observation know the questioned object to be a firearm. Here, only a small portion of the gun was exposed to view. While a trained police officer recognized it as being a portion of a handgun, that does not establish that an ordinary person would by ordinary observation so recognize it. On this record there was probable cause to believe that the object was a concealed firearm within the meaning of Ensor. See Cross v. State, 432 So.2d 780, 782 (Fla. 3d DCA 1983) (inquiry is whether officer had “knowledge of facts and circumstances which would warrant an individual of reasonable caution in believing an offense had been committed.”).
The cases relied on by defendant do not compel a contrary conclusion. Several cases have held that where the butt of a gun, readily recognizable as such, is visible in open view on the seat of a vehicle, it is not concealed within the meaning of the statute. See Cope v. State, 523 So.2d 1270 (Fla. 5th DCA), review denied, 531 So.2d 1355 (Fla.1988); State v. Quinn, 518 So.2d 474 (Fla. 4th DCA 1988); Mitchell v. State, 494 So.2d 498, 499-500 (Fla. 2d DCA 1986). The same analysis has been applied where the butt of a pistol was visible between the driver’s seat and the center part of the vehicle. See Taylor v. State, 552 So.2d 1135 (Fla. 5th DCA 1989), review denied, 563 So.2d 634 (Fla.1990). By contrast, in the present case only a small portion of the weapon was visible. The motion to suppress was correctly denied.
Affirmed.