576 So.2d 899 (1991)
Charles T. GIBSON, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 90-01025.
District Court of Appeal of Florida, Second District.
March 22, 1991.
Dee Anna Farnell, St. Petersburg, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee/cross-appellant.
FRANK, Judge.
Charles Gibson appeals from the trial court's denial of his motion to suppress evidence. The state has cross-appealed the trial court's dismissal of that count in the information charging Gibson with carrying a concealed weapon. We affirm in part and reverse in part.
Gibson was a passenger in a vehicle which was stopped following a traffic violation. The officer executing the stop approached the vehicle and shined his flashlight into its interior. Although the officer's testimony is conflicting, it appears that he detected the handle of a large knife. Gibson exited the vehicle pursuant to the officer's request whereupon the officer conducted a pat-down. The pat-down produced a five-inch pipe which tested positive for cocaine. Gibson was arrested and charged with carrying a concealed weapon, possession of cocaine and possession of drug paraphernalia.
Gibson moved to dismiss the concealed weapon charge. The trial court correctly granted his motion, determining that the machete was not concealed. Based upon the officer's testimony, the trial court was justified in concluding that he knew the item was a large knife when he saw it on the floorboard. The machete was not, therefore, concealed. Cope v. State, 523 So.2d 1270 (Fla. 5th DCA), rev. denied, 531 So.2d 1355 (Fla. 1988). Thus, the subsequent pat-down, deemed by the trial court to be constitutionally permissible, was undertaken pursuant to an unlawful detention and arrest. Harris v. State, 537 So.2d 187 (Fla. 2d DCA 1989), citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We reverse the trial court's order denying Gibson's motion to suppress and we affirm the order dismissing the charge of carrying a concealed weapon.
Affirmed in part, reversed in part.
CAMPBELL A.C.J., and HALL, J., concur.