ON MOTION FOR REHEARING EN BANC
STONE, Judge.
We grant the state’s motion for rehearing en banc in order to maintain consistency with our prior opinion in State v. Quinn, 518 So.2d 474 (Fla. 4th DCA 1988).
The state has appealed a trial court order “granting defendant’s motion to dismiss” for outrageous governmental misconduct. The order did not discharge the defendant or contain language of “finality.” Therefore, it is facially a non-final order.
This court dismissed the appeal in this case on the authority of Russell v. Russell, 507 So.2d 661 (Fla. 4th DCA 1987). Russell, a civil ease, recognized that appellate courts lack the jurisdiction to consider appeals from non-final orders other than those cognizable under Florida Rule of Appellate Procedure 9.130(a), because that rule limits appellate consideration to those non-final orders specified in the rule. In Quinn, this court determined that the Russell holding is not applicable to appeals in criminal cases.
The initial panel in this appeal on rehearing proposed receding from Quinn and applying Russell to appeals by the state under Florida Rule of Appellate Procedure 9.140 where the order appealed is in non-final form, following the Fifth District opinion in State v. Sauafley, 15 F.L.W. 1718 (Fla. 5th DCA June 28, 1990) (sic) adopting a similar position.
*1344 Rule 9.140(c)(1) authorizes the following appeals by the state:
(c) Appeals by the State.
(1) Appeals Permitted. The State may appeal an order:
(A) Dismissing an indictment or information or any count thereof;
(B) Suppressing before trial confessions, admissions or evidence obtained by search and seizure;
(C) Granting a new trial;
(D) Arresting judgment;
(E) Discharging a defendant pursuant to Fla.R.Crim.P. 3.191;
(F) Discharging a prisoner on habeas corpus;
(G) Adjudicating a defendant incompetent or insane;....
Upon consideration of the motion for rehearing en banc, we decline to recede from Quinn. Russell is not applicable to the appeal of an order the subject of which is authorized as appealable under rule 9.140(c) as there is no jurisdictional restriction to our considering such an order, regardless of its form.
We note that the Fifth District, en banc, has recently granted rehearing and declined to follow the opinion of the initial panel in Sauafley (sic). State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991).
Therefore, the motion for rehearing is granted and the order of this court dismissing this appeal for lack of jurisdiction is withdrawn.
HERSEY, C.J., and DOWNEY, ANSTEAD, LETTS, GLICKSTEIN, DELL, WARNER, POLEN, and GARRETT, JJ., concur.
GUNTHER and FARMER, JJ., did not participate.