600 So.2d 1313 (1992)
The STATE of Florida, Appellant,
v.
Patrick James POLLOCK, Appellee.
No. 91-1344.
District Court of Appeal of Florida, Third District.
July 14, 1992.
Robert A. Butterworth, Atty. Gen., and Ivy Ginsberg Shanock and Jorge Espinosa, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellee.
Before BARKDULL, NESBITT and COPE, JJ.
PER CURIAM.
The State appeals an order of the trial court granting a sworn motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4).[*] We reverse.
Patrick James Pollock was charged with carrying a concealed firearm in violation of *1314 subsection 790.01(2), Florida Statutes (1991). Pollock was a passenger in a vehicle which was stopped by the police for a traffic infraction. The sworn motion to dismiss states, in part:
3. The arresting officer claims to have noticed the defendant ducking down in his seat two or three times prior to the stop.
4. According to the arresting officer upon looking inside the passenger seat of the vehicle he noticed the butt of a handgun protruding from the end of the seat.
5. At that point the officer retrieved the gun and placed the defendant under arrest.
(R. 15). Defendant Pollock also relied on the arresting officer's deposition testimony, which stated, in part:
I looked inside the passenger's seat of the vehicle down into the passenger's seat area. And I noticed the butt of a handgun protruding from the end of the seat. At which time, I retrieved the handgun and placed the defendant under arrest.
(R. 8). The State filed no traverse.
The trial court granted the motion to dismiss, reasoning that the officer's description did not show the extent to which the gun was protruding from under the seat. That being so, the court concluded that the firearm was not shown to be concealed.
In filing a sworn motion to dismiss, the defendant must, among other things, "demonstrate that the undisputed facts fail to establish a prima facie case or that they establish a valid defense... ." Ellis v. State, 346 So.2d 1044, 1045 (Fla. 1st DCA 1977). Under the statute, there is a twofold test for a concealed weapon:
For a firearm to be concealed, it must be (1) on or about the person and (2) hidden from the ordinary sight of another person... . The term "ordinary sight of another person" means the casual and ordinary observation of another in the normal associations of life. Ordinary observation by a person other than a police officer does not generally include the floorboard of a vehicle, whether or not the weapon is wholly or partially visible.

These statements are not intended as absolute standards. Their purpose is to make it clear that a weapon's possible visibility from a point outside the vehicle may not, as a matter of law, preclude the weapon from being a concealed weapon under section 790.001[, Florida Statutes].
Ensor v. State, 403 So.2d 349, 354 (Fla. 1981) (emphasis added).
Here, the defendant did not meet its burden in the first instance. It was the defendant's responsibility, as the movant, to set forth undisputed facts which demonstrated that the weapon was situated so that it was within the ordinary sight of another person. Id. It is not entirely clear whether the weapon was on the floorboard protruding from the end of the seat, or was in the seat itself, but under either reading on this record the motion should have been denied. See id.; O.H. v. State, 577 So.2d 696, 697 (Fla. 3d DCA 1991); State v. Puig, 551 So.2d 552, 553 (Fla. 3d DCA 1989), review denied, 563 So.2d 633 (Fla. 1990); State v. Strachan, 549 So.2d 235, 236 (Fla. 3d DCA 1989); Myers v. State, 546 So.2d 754 (Fla. 3d DCA 1989).
The order under review is reversed and the cause remanded for further proceedings consistent herewith.
NOTES
[*] The parties agree, and it is clear from the transcript, that the trial court granted the sworn motion to dismiss. The order under review contains a scrivener's error indicating that the order is one which grants a motion to suppress evidence. We treat the order as one which grants a sworn motion to dismiss.