COBB, Judge.
The state appeals the action of the trial court in overturning the jury verdict of premeditated first degree murder and adjudicating the defendant below, Vivian Harris, guilty of second degree murder. The state contends the trial judge improperly reweighed the evidence. We agree.
There was testimony adduced at trial that, after some type of altercation between Harris and her son, Michael, in the family home, he left and went to a neighbor’s home for approximately ten minutes. During his absence, Harris procured a .38 pistol she kept hidden in the home and went outside. As Michael, who was unarmed, approached her upon his return, she assumed a “two-handed shooter’s stance” and fired some five or six shots in his direction. One struck him directly in the nose and exited the back of his head, killing him instantly. Harris then went back in the house, emptied the shell casings in the trash can, and placed the pistol between two mattresses. At trial she contended the shooting was accidental, and the jury rejected that defense.
After the jury’s verdict, the trial court set aside the jury verdict, and, citing to the Florida Supreme Court cases of Smith v. Brown, 525 So.2d 868 (Fla.1988) and Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), adjudged Harris guilty of the lesser included offense of second degree murder.
In Smith, a civil case, the Florida Supreme Court reiterated the test set forth in Cloud v. Fallis, 110 So.2d 669 (Fla.1959) in regard to the granting of a new trial by the trial judge based upon the latter’s determination that the verdict was against the manifest weight of the evidence. That test turns on a finding, express or implied, that the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record. We find nothing in the instant record to sustain either finding. The manifest weight of the evidence in the instant case does support the jury verdict. Contrary to the directive in Laskey v. Smith, 239 So.2d 13 (Fla.1970), the trial judge here seemingly has acted as an additional juror.
The two appearances of Tibbs before the Florida Supreme Court[1] add little to our analysis herein. Tibbs was convicted and sentenced to death primarily upon the uncorroborated testimony of a rape victim, whose testimony was impeached in several respects and who was admittedly under the influence of marijuana at the time of the incident. Unlike the Tibbs case, the essential facts in the instant case are corroborated by several independent eyewitnesses and are not in serious dispute.
We recognize that when the evidence does not sustain the verdict for the offense charged but does sustain a finding of *287 guilty on a necessarily included offense, a trial judge should adjudge the defendant guilty of that necessarily included offense. Goddard v. State, 458 So.2d 230 (Fla.1984); Fla.R.Crim.P. 3.620. On the other hand, when the evidence is legally sufficient to support a jury verdict, as it was in this case, then the question arises as to the applicability of Florida Rule of Criminal Procedure 3.600(a), which provides that the trial judge shall grant a new trial (not reduce the verdict finding) if the verdict is contrary to law or the weight of the evidence. The Rule allows the trial judge to act as a safety valve when the evidence is technically sufficient to prove the criminal charge but the weight of the evidence simply does not appear to support that verdict. See Tibbs; State v. Hart, 632 So.2d 134 (Fla. 4th DCA 1994).
Despite the discretion afforded a trial judge in determining a motion for new trial, that discretion is not without limits and is subject to reversal on appeal. See State v. Hamilton, 574 So.2d 124 (Fla.1991); Jones v. Stevenson, 598 So.2d 219 (Fla. 5th DCA 1992). Based upon the record before us, we cannot see that the instant case is one which warrants a new trial based on the weight of the evidence. This is not a circumstantial evidence ease or even one in which the eyewitnesses were subject to serious impeachment or credibility challenges. Here, there was independent and unimpeaehed testimony that clearly supports the jury’s conclusion that Harris deliberately sought out and gunned down the victim, whatever previous provocation may have motivated her. There was more than a prima facie case of guilt established by the evidence. Cf. Proko v. State, 566 So.2d 918 (Fla. 5th DCA 1990). We find no merit in the various points raised by the appellee’s cross-appeal.
Accordingly we reverse and remand for entry of judgment consistent with the jury verdict of first degree murder.
REVERSED AND REMANDED.
THOMPSON, J., concurs.
W. SHARP, J., dissents with opinion.

. The earlier case was Tibbs v. State, 337 So.2d 788 (Fla. 1976).