689 So.2d 428 (1997)
Reginald GOODMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1079.
District Court of Appeal of Florida, First District.
March 13, 1997.
C. Richard Parker, Public Defender; Matthew Penzer, Assistant Public Defender, Gainesville, for Appellant.
Robert A. Butterworth, Attorney General; William J. Bakstran, Assistant Attorney General, Tallahassee, for Appellee.
*429 WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of an order denying his motion to dismiss an information charging that he carried a concealed firearm. Because we conclude that whether the firearm was concealed presented an issue of fact for resolution by the trier of fact, we affirm.
Appellant was charged by information with a violation of section 790.01(2), Florida Statutes (1995), which makes carrying "a concealed firearm on or about [one's] person ... a felony of the third degree." He filed a motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). In his motion, he represented that the relevant facts were as follows. A car in which he was traveling as a passenger was stopped by a deputy. Standing outside the passenger side of the car, the deputy shined his flashlight into the car and saw on the floorboard a firearm behind his right heel. At that point, he was arrested. The state filed a traverse to the motion, in which it admitted the foregoing facts, and represented that an additional fact was that the firearm could not be seen from outside the car without shining a flashlight at the precise point on the floorboard where the firearm was located. The state further represented that the facts established a prima facie case of guilt and that, therefore, the motion should be denied. Following a hearing, the trial court entered an order denying the motion to dismiss, relying on Ensor v. State, 403 So.2d 349 (Fla.1981). Appellant then entered a no contest plea, reserving his right to appeal the denial of the motion to dismiss, which it was agreed was dispositive. This appeal follows.
For purposes of section 790.01(2), a "concealed firearm" is "any firearm ... which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person." § 790.001(2), Fla. Stat. (1995). In Ensor, the court said:
We ... find that absolute invisibility is not a necessary element to a finding of concealment under section 790.001. The operative language of that section establishes a two-fold test. For a firearm to be concealed, it must be (1) on or about the person and (2) hidden from the ordinary sight of another person. The term "on or about the person" means physically on the person or readily accessible to him. This generally includes the interior of an automobile and the vehicle's glove compartment.... The term "ordinary sight of another person" means the casual and ordinary observation of another in the normal associations of life. Ordinary observation by a person other than a police officer does not generally include the floorboard of a vehicle, whether or not the weapon is wholly or partially visible.
These statements are not intended as absolute standards. Their purpose is to make it clear that a weapon's possible visibility from a point outside the vehicle may not, as a matter of law, preclude the weapon from being a concealed weapon under section 790.001. Similarly, a weapon's location in some extreme part of the vehicle's interior may be such that the trier of fact finds the weapon to be not "about the person," and thus not concealed. In all instances, common sense must prevail. The critical question turns on whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is seated, may by ordinary observation know the questioned object to be a firearm. The ultimate decision must rest upon the trier of fact under the circumstances of each case.

Id. at 354-55 (emphasis added). We read this language to mean that, in the average case, whether a firearm is concealed is a question of fact to be resolved by the trier of fact. That was certainly true here, where it is not at all clear from the agreed facts that an individual standing beside the car in which appellant was a passenger would, by "casual and ordinary observation" (id. at 354), have known that there was a firearm on the floorboard of the car, behind appellant's heel. Because this ultimate issue of fact was one which could be resolved only by the trier of fact, the trial court correctly denied the motion to dismiss. See, e.g., State v. Alvarez, 403 So.2d 1143, 1144 (Fla. 2d DCA 1981) ("proceeding under rule 3.190(c)(4) is the equivalent of a civil summary judgment and *430 the trial court may not try or determine factual issues nor substitute itself for the trier of fact").
Appellant argues that Gibson v. State, 576 So.2d 899 (Fla. 2d DCA 1991), is substantively indistinguishable, and requires that we reverse. In Gibson, the weapon was a machete. Id. Otherwise, the relevant facts in Gibson appear to be indistinguishable from those here. In Gibson, the court affirmed the trial court's dismissal. However, Gibson does not cite Ensor. Moreover, it would appear that Gibson affirmed the dismissal on the ground that "the trial court was justified in concluding that [the officer] knew the item was a large knife when he saw it on the floorboard" (id.) and that, therefore, the machete was not concealed. It seems to us that this is precisely the kind of issue which Ensor says must be resolved by the trier of fact and which, therefore, should not have been resolved by the trial court pursuant to a rule 3.190(c)(4) motion to dismiss. Accordingly, we acknowledge apparent conflict with Gibson.
The order denying appellant's motion to dismiss is affirmed.
AFFIRMED.
LAWRENCE and PADOVANO, JJ., concur.