693 So.2d 1020 (1997)
L.G., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2797.
District Court of Appeal of Florida, Third District.
May 7, 1997.
Rehearing Denied June 11, 1997.
*1021 Bennett H. Brummer, Public Defender, and Amy D. Ronner, Special Assistant Public Defender, and Juan Carlos Lopez and Jennifer A. Lelacheur, Appellate Legal Interns, for appellant.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General, for appellee.
Before NESBITT, COPE and SORONDO, JJ.
COPE, Judge.
Respondent-appellant L.G. appeals an order adjudicating him delinquent for carrying a concealed firearm. We conclude that the evidence was sufficient and affirm the adjudication of delinquency.
L.G. was the driver of a car which police stopped for a traffic violation. L.G. got out of the car. Through the open driver's door, the arresting officer saw what he immediately recognized as a portion of a handgun protruding from underneath the driver's seat. The trial court convicted L.G. of carrying a concealed firearm in violation of subsection 790.01(2), Florida Statutes (1995).[*] L.G. has appealed, contending that his motion for judgment of acquittal should have been granted.
L.G. argues that since the law enforcement officer could immediately see the firearm through the open driver's door, and since the law enforcement officer immediately recognized the object to be a firearm, it follows that the firearm was not "concealed" for purposes of subsections 790.01(2) and 790.001(2), Florida Statutes. We disagree.
The leading decision, Ensor v. State, 403 So.2d 349 (Fla.1981), states:
For a firearm to be concealed, it must be (1) on or about the person and (2) hidden from the ordinary sight of another person. The term "on or about the person" means physically on the person or readily accessible to him. This generally includes the interior of an automobile and the vehicle's glove compartment, whether or not locked. The term "ordinary sight of another person" means the casual and ordinary observation of another in the normal associations of life. Ordinary observation by a person other than a police officer does not generally include the floorboard of a vehicle, whether or not the weapon is wholly or partially visible.

... The critical question turns on whether an individual, standing near a person with a firearm or beside a vehicle in which a person with a firearm is seated, may by ordinary observation know the questioned object to be a firearm. The ultimate decision must rest upon the trier of fact under the circumstances of each case.

Id. at 354-55 (emphasis added). In Ensor, "the officer could not identify the object until he looked through the open vehicle door and under the vehicle seat." Id. at 355. That being so, the weapon in Ensor "could qualify as hidden from the ordinary sight of the average person." Id. at 355.
*1022 From the vantage point of "ordinary observation," id. at 354, the question is whether the firearm would have been visible to an ordinary person standing beside the vehicle with the doors closed. The evidence certainly warranted the conclusion that when L.G. was seated in the driver's seat with the doors closed, the firearm would not have been visible by ordinary observation to a person standing beside the vehicle. See id. at 355; see also State v. Puig, 551 So.2d 552, 553 (Fla. 3d DCA 1989); Myers v. State, 546 So.2d 754, 754-55 (Fla. 3d DCA 1989).
L.G. argues that the decision in Villegas v. State, 22 Fla. L. Weekly D690, ___ So.2d ___ (Fla. 2d DCA March 12, 1997), supports his argument that concealment is judged with the door open, rather than closed. L.G. misapprehends the thrust of Villegas. In that case, defendant was seated in a pickup truck. A police officer six-to-eight feet away observed Villegas brandish a handgun. The state prosecuted Villegas on a concealed firearm charge, contending that the handgun had been concealed in the moments before the police officer observed it. The Second District concluded that the evidence was insufficient to convict, because there was no showing where the firearm had been placed within the truck prior to the moment when Villegas raised it so it could be observed through the open window. Since a firearm within a motor vehicle may or may not be concealed, see Ensor v. State, 403 So.2d at 354-55, there was insufficient proof of concealment. In the present case, by contrast, the firearm was underneath the driver's seat, in which position it was concealed for purposes of the concealed firearm statute.
The remaining cases relied on by L.G. are factually distinguishable for the reasons expressed in Lane v. State, 567 So.2d 1014, 1015 (Fla. 3d DCA 1990).
Affirmed.
NOTES
[*] L.G. was also adjudicated delinquent for violation of subsection 790.22(3), Florida Statutes, which prohibits possession of a firearm by a minor under eighteen years of age, subject to certain exceptions not applicable here. L.G. has not appealed this adjudication.