CAMPBELL, Judge.
The State challenges the trial court order granting appellee’s motion for judgment of acquittal. We agree with the State that the trial court erred in granting appellee’s motion and reverse.
Appellee was convicted by a jury of carrying a concealed firearm. Thereafter, appel-lee renewed his prior motion for judgment of acquittal, and the trial judge reserved ruling. The trial court subsequently granted appel-lee’s motion, finding that the evidence was insufficient to sustain a conviction.
Motions for judgment of acquittal should only be granted when there is no view of the evidence which the jury might take favorable to the opposing party that can be sustained under the law. See Rogers v. State, 660 So.2d 287 (Fla.1995)(eiting Taylor v. State, 583 So.2d 323 (Fla.1991)). In moving for a judgment of acquittal, a defendant admits not only the facts stated in evidence, but also every conclusion favorable to the adverse. party that a jury might favorably and reasonably infer from the evidence. See Lynch v. State, 293 So.2d 44 (Fla.1974).
In order to prove that a weapon is “concealed,” the weapon must be on or about the person and hidden from the ordinary sight of another person. “Ordinary sight of another person” means the casual and ordinary observation of another in the normal associations of life. See State v. Pollock, 600 So.2d 1313 (Fla. 3d DCA 1992). A weapon’s possible visibility from outside a vehicle may not, as a matter of law, preclude it from being “concealed” within the meaning of section 790.01(2), Florida Statutes (1995). See Pollock. After a review of the record and case law, it is clear that the jury in the instant ease could lawfully find from the evidence presented that the firearm discovered between the seats of appellee’s vehicle was in fact concealed as that term is defined under the statute. See §§ 790.01; 790.001, Fla. Stat. (1995). The trial judge therefore erred in granting appellee’s motion for judgment of acquittal.
Accordingly, we reverse the order granting appellee’s motion for judgment of acquittal and remand for reinstatement of the jury verdict.
DANAHY, A.C.J., and QUINCE, J., concur.