WARNER, Judge.
We reverse the order granting the sworn motion to dismiss the information charging appellee with carrying a concealed firearm. Under Ensor v. State, 403 So.2d 349, 354-55 (Fla. 1981), whether a weapon is concealed within the meaning of section 790.001, Florida Statutes (1995), is a question for the trier of fact.
In the instant case, appellee and his co-defendant Presume[1] were stopped for a traffic infraction. An officer standing outside the vehicle observed the “shiny silver butt of a handgun sticking out of the console located underneath the radio.” Whether a partially visible firearm is “concealed” is an issue of fact for the jury. See Goodman v. State, 689 So.2d 428, 429 (Fla. 1st DCA 1997)(firearm on vehicle’s floorboard behind defendant’s heel) (citing Ensor, 403 So.2d at 354-55); accord State v. Puig, 551 So.2d 552, 553 (Fla. 3d DCA 1989)(barrel of firearm protruding below driver’s seat); State v. Bethea, 409 So.2d 1139, 1140-41 (Fla. 2d DCA 1982)(butt of gun laying on floorboard of vehicle). “[Ajbsolute invisibility is not a necessary element to a finding of concealment under section 790.001.” Ensor, 403 So.2d at 354. Thus, the fact that the handgun was within the arresting officer’s “open view” did not preclude a finding that it was a concealed firearm within the meaning of section 790.001(2). See State v. Strachan, 549 So.2d 235, 236 (Fla. 3d DCA 1989); see also Lane v. State, 567 So.2d 1014, 1015 (Fla. 3d DCA 1990).
Appellee primarily relies on State v. Quinn, 518 So.2d 474 (Fla. 4th DCA 1988), in which this court affirmed the dismissal of an information where a gun sticking out from under the sheet being used as a seat cover in defendant’s vehicle was not a concealed firearm within the meaning of section 790.001(2). However, the Quinn court specifically found that there was no issue of fact concerning the gun’s concealment because “[t]he state acknowledged that the arresting officer immediately recognized the object as a firearm from his position outside the defendant’s car.” Id. at 474 (emphasis added). This fact makes Quinn distinguishable from the instant case, in which the state made no such acknowledgment.
Appellee has failed to meet his burden of setting forth undisputed facts which demonstrated that the handgun was situated within the “ordinary sight of another person.” Ensor, 403 So.2d at 354. Because the jury should have resolved the ultimate issue of whether the firearm was concealed, the trial court improperly dismissed the information. See State v. Pollock, 600 So.2d 1313, 1314 (Fla. 3d DCA 1992).
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. See State v. Presume, 710 So.2d 604 (Fla. 4th DCA 1998). We find no impediment to the state's supplementing the record in this case with the argument made to the trial court in Presume, since the state indicated its intent to rely on the earlier proceedings in the instant case. Moreover, in the motion to dismiss, appellee himself requested the trial judge to take notice of the prior order that granted Presume’s motion to dismiss the same charges. Where, as here, the parties and the trial court clearly intended to incorporate an earlier proceeding into the case being tried, that proceeding can be a part of the instant appellate record. See Hines v. State, 549 So.2d 1094, 1094-95 (Fla. 1st DCA 1989).