SHEPHERD, J.
The State of Florida appeals a trial court order granting Defendant’s, Rodney Hollingshead, motion to suppress a firearm seized by police from an automobile where it was stored and secured by Defendant before an approaching detective was able to arrest him for the crime of carrying a concealed firearm. We conclude the police validly seized the firearm after Defendant’s arrest pursuant to the “automobile exception” engrafted on the Fourth Amendment’s “warrant requirement,” and accordingly reverse the decision of the trial court.
On August 18, 2005, at about 9:30 p.m., Crime Suppression Team Detective Eddie Medróse, while patrolling with a colleague in an unmarked vehicle in an area known for shootings and narcotics, observed two men sitting under a tree in a cul-de-sac. Wearing a tactical vest marked “Police” and displaying a badge, Medróse exited his vehicle to execute a police-citizen contact to see what the men were doing. As Med-róse approached, Defendant walked briskly toward an adjacent ear. Medróse moved in the same direction but on the opposite side of the vehicle. As the encounter progressed, Medróse observed Defendant lift up his shirt, take a gun out of his waistband, open the car on the driver’s side, place the weapon between the driver’s seat and center console, and then close and lock the vehicle. Medróse, who at that moment had just reached the opposite side of the vehicle, went around, made contact with Defendant, handcuffed, and arrested him.
After immobilizing Defendant, Medróse asked him for the keys to the car where he had placed the weapon. Defendant said the keys were with his aunt at a nearby house. Medróse went to the house and learned this story was false. He then returned, patted Defendant down, and found not only the car keys, but also cocaine in Defendant’s pocket. After using the car keys to open the door, Medróse removed the gun from the car. Medróse testified he asked Defendant if he had a permit to carry a concealed weapon, but Medróse could not recall if the question was asked before or after he secured the gun. The trial court granted Defendant’s motion to suppress the firearm, commenting that “[Medróse] did not follow the proper procedures.” This appeal followed.
Although the Fourth Amendment does not require a prior warrant for a search or seizure, it has remained a cardinal principle of the federal jurisprudence to which we are tethered by Article I, Section 12 of the Florida Constitution, that “ ‘searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.’ ” California v. Acevedo, 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991) (quoting Mincey v. Arizona, 437 U.S. 385, 390, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978)); Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); cf. Acevedo, 500 U.S. at 582, 111 S.Ct. 1982 (Scalia, J., concurring) (remarking that the “warrant requirement” ha[s] become so riddled with exceptions that it [is] basically unrecognizable[ ]). One of those “well-delineated” exceptions, the “automobile exception”— recognized both in the federal interpretations of the Fourth Amendment as well as in the case law in our own state — authorizes police to “search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained.” Acevedo, 500 U.S. *1125 at 580, 111 S.Ct. 1982; State v. Betz, 815 So.2d 627, 681 (Fla.2002); Myers v. State, 546 So.2d 754, 755 (Fla. 3d DCA 1989) (concluding that probable cause existed to seize revolver observed through car window under driver’s seat after occupant exited vehicle and was arrested for traffic violation); State v. Poole, 496 So.2d 224, 225 (Fla. 5th DCA 1986) (holding that probable cause existed under “automobile exception” to seize gun observed protruding from under driver’s seat after the defendant’s arrest where officers, acting on a tip that the defendant was carrying a weapon, observed the defendant, who exercised control over both the car and gun, put something in car and walk away from it); State v. Thompson, 348 So.2d 618 (Fla. 4th DCA 1977) (finding that probable cause existed to seize object observed by police to have been placed under seat of car prior to occupant exiting vehicle and being arrested). See generally Phillip A. Hubbart, Making Sense of Search and Seizure Law: A Fourth Amendment Handbook, 310-13 (2005).
In this case, Medróse unquestionably had probable cause to believe that the crime of carrying a concealed firearm had been committed, see Ensor v. State, 403 So.2d 349, 355 (Fla.1981); State v. Walden, 464 So.2d 691, 693 (Fla. 5th DCA 1985), and that evidence of that crime — the firearm — would be found within the car.
Because Medróse had probable cause to believe Defendant was carrying a concealed firearm, the seizure of the weapon was .lawful under the automobile exception to the warrant requirement. We therefore reverse and remand for further proceedings consistent with this opinion.