NORTHCUTT, Judge.
The State alleged that N.H. committed the delinquent acts of carrying a concealed weapon, § 790.01, Fla. Stat. (2011), and *951 possession of a firearm by a minor, § 790.22(3), (5). At his adjudicatory hearing, N.H. argued that the evidence was insufficient to prove the crimes, and he moved to dismiss the charges. The judge denied his motions, adjudicated him delinquent, and sent him to a moderate-risk facility. N.H. now challenges the sufficiency of the evidence on appeal. We agree with his position and reverse.[1]
Late one summer evening, a group of six to eight Hillsborough County sheriffs deputies arrived at an apartment complex in a van. They were not responding to any particular complaint, but they regularly patrolled the area because of known drug and gang activity. The deputy who was driving saw three boys sitting on a three-foot-high wall. He parked the van nearby and the other deputies leaped out, shouting that they were from the sheriffs office. The driver observed N.H. standing behind the wall and saw him bend down as one might if placing something on the ground. The driver believed N.H. was holding an object in his hand, but he could not identify it. When N.H. ran away, deputies apprehended him almost immediately.
The driver of the van directed another deputy to search behind the wall for something N.H. might have placed there. The other deputy found a .38 caliber revolver resting flush against the wall. At the hearing, the deputy who found the gun testified that the area was “pretty well-lit” and he had “the aid of a flashlight.” The deputy did not recount whether anything was covering the gun.
We review the denial of a motion to dismiss in a delinquency case de novo. E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003) (citing Pagan v. State, 830 So.2d 792 (Fla.2002)). We turn first to the concealed firearm charge. The crime can be proven by evidence that the weapon was within a defendant’s possession or ready reach and that it was hidden from the sight of an ordinary person. See State v. Blanco, 702 So.2d 597 (Fla. 2d DCA 1997)(holding that a weapon stashed between the seats of a car was concealed). But see State v. Weyant, 990 So.2d 675 (Fla. 2d DCA 2008) (determining that an unloaded firearm wedged between car seats did not qualify as concealed when the ammunition was not in ready reach). The court in State v. Hinkle, 970 So.2d 433 (Fla. 4th DCA 2007), held that a firearm on the seat of a car, covered with flowers, qualified as a concealed weapon. In another automobile case, Dorelus v. State, 747 So.2d 368, 371 (Fla.1999), the supreme court recited several variables that could determine whether a weapon was carried in a manner that would hide it from ordinary sight, including the weapon’s location within a car, such as on a seat versus in a closed console, whether it was concealed by another object such as a towel, or whether the defendant concealed it with his body.
Here, the State merely established that a gun was found behind a wall, in a public place, near an occupied apartment building. N.H. stood behind the wall in reach of where the gun was found. Although the deputy could not see the gun from his vantage point because the wall blocked his view, the State offered no evidence that the gun was concealed from the sight of the three boys sitting nearby on the wall, or of anyone else who might have been walking by or observing from one of the apartments. No one testified that the gun was covered in any way. While concealment can be shown by circumstantial evidence, the facts presented in this case did *952 not prove that the gun was hidden from the view of an ordinary person. Cf. Blanco, 702 So.2d at 598. Thus, the evidence was insufficient to show that N.H. carried a concealed firearm.
In fact, the evidence was insufficient even to show that N.H. possessed the gun. The driver of the sheriffs van stated that he saw something in N.H.’s hand, but he could not attest that it was a firearm. N.H. was certainly in the proximity of the place where the gun was found. But three other youths were sitting on the wall in the same vicinity. Moreover, the gun was found in a public place, at night; the deputy was using a flashlight when he found it.
As we discussed in G.G. v. State, 84 So.Bd 1162 (Fla. 2d DCA 2012), whether the State proceeds under an actual, ready-reach, possession theory, or under a constructive possession theory, it must prove that the contraband item was under the accused’s control. The requisite control cannot be proved merely by proximity— some additional evidence must connect the accused to the firearm. Here, the State presented no other evidence, such as fingerprints, to connect N.H. to the weapon. N.H. did not admit that he possessed the firearm, and no one actually saw it in his hand. The mere fact that the deputy believed N.H. may have put something on the ground was not sufficient to establish that he possessed the gun. See id. at 1164 (and cases cited therein).
We must reverse N.H.’s delinquency adjudications and remand with instructions to dismiss the petition.
Reversed.
WALLACE and LaROSE, JJ., Concur.

. Our decision that the evidence was insufficient to support a finding of guilt on the charged crimes makes it unnecessary to discuss N.H.’s other issue on appeal.